STATE v. JOSEPH J. McGREGOR (Second Case).[1]

December 12, 1902.

Nos. 13,230—(14).

**Embezzlement.**
> The defendant was convicted of embezzling a watch intrusted to him by the owner thereof. *Held,* that the evidence is sufficient to sustain the conviction.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., denying a motion for a new trial, after a trial and conviction of the crime of embezzlement. Affirmed.

*A. P. Loomis* and *Thomas Kneeland,* for appellant.
*Frank Healy* and *L. A. Dunn,* for respondent.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of the crime of embezzling a watch of the value of ten dollars intrusted to him by the owner thereof, J. F. Patterson, and sentenced to pay a fine of seventy-five dollars or, in default of payment thereof, to serve eighty days in the city workhouse. He appealed from an order denying his motion for a new trial.

It is here urged that the conviction is erroneous, for the reason that the evidence is insufficient to establish the defendant's guilt, in that there is no evidence justifying the conclusion that he converted the watch with the felonious intent to deprive the owner of it.

It is not disputed that the watch was delivered to the defendant by the owner, but there is some dispute as to why it was intrusted to him. He testified that it was for safe-keeping alone, and that he had no claim on it; while the owner testified that it was to secure an advance of four dollars made to him by the defendant. A written memorandum, signed by the defendant, was delivered to the owner at the time the watch was left with the defendant. It was in these words: "Due J. F. Patterson, one gold watch." The

[1] Reported in 92 N. W. 458.

testimony of the owner and two policemen tends to show that on three separate occasions the watch was demanded of the defendant, accompanied with an offer to pay the four dollars the owner conceded that it was pledged for; that on the first demand, which was made at the defendant's saloon, he said the watch was at his house, but that he would get it, and have it for the owner in an hour and a half; on the second demand he said he did not know whether he would give it up or not; and on the third demand that there was not anything due on the watch, but that he would not give it up.

The defendant testified as follows:

"The officers asked me to give them the watch. I refused to do it. Patterson never asked me at any time for the watch. If he had, I would have given it to him. I did not want to give the watch to the officers. I was afraid the officers wanted to make me trouble. I have always had the watch in my possession since the time it was left there, and have never attempted to conceal it, or conceal the fact that I had it, or to in any way dispose of it, or never intended to keep it. I do not think he was treating me right, and wanted to get a settlement with him for the $27 that I had loaned him to pay on the machine [a phonograph which he had bought]. There was nothing, and I never claimed that the watch was up for anything. It was not put up or pawned for drinks or anything else. I simply had the watch for safe-keeping."

He also testified on his cross-examination that he had the watch the first time it was demanded, and that he could not give any reason why he did not then give it up. There was further evidence on the part of the state, and also in behalf of the defendant, tending to show his motive in refusing to give up the watch.

It is the claim of the defendant that the evidence at most shows no more than a conversion of the watch, which would render him liable therefor in a civil action, but that it falls short of showing that he converted it with the criminal intent to deprive the owner of his property. But when an act is in itself unlawful, the criminal intent is presumed prima facie from the intentional commission of the act. State v. Kortgaard, 62 Minn. 7, 64 N. W. 51. Upon a consideration of the whole evidence in this case, we are of the opinion that it is sufficient to sustain the finding of the court that the defendant was guilty of embezzling the watch.

Order affirmed.