### T. B. SMITH v. THE STATE.

No. 8706.    Delivered March 4, 1925.

**1.—Transporting Intoxicating Liquor—Juvenile—Plea of—Properly Refused.**

Appellant sought to abate the prosecution on the ground that he was a juvenile at the time the alleged offense was committed. It was admitted that he was more than seventeen years of age, when the indictment was returned against him. The trial court properly overruled his plea to abate the prosecution.

**2.—Same—Continuance—No Diligence Shown—Properly Refused.**

Where a continuance is asked on account of the absence of witnesses for whom process was issued returnable to a prior term of the court, at which prior term the cause was continued, and no further effort was made to secure the attendance of the witnesses, the application fails to show such diligence as would entitle one to a continuance.

Appeal from the District Court of Jones County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for the transportation of intoxicating liquor, penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor with punishment fixed at one year in the penitentiary.

On March 23, 1923, the sheriff of Jones County, accompanied by another officer, undertook to stop appellant who was driving a car in Jones County but near the Fisher County line. Appellant did not heed the efforts of the officers to stop him but drove the car around them and turned towards Fisher County. The officers gave chase, firing several shots at the car, and finally effected the arrest. A tow-sack was found in the car saturated with whiskey. A small

quantity remained in a portion of a jar which had been broken. Both officers tasted it and testified positively that it was whiskey. Another party was in the car with appellant. While they were trying to escape the officers saw one of them raise the tow-sack and drop it on the floor of the car.

Appellant undertook to have the prosecution in this case abated, alleging that he was under 17 years of age at the time the transaction occurred and that his father had made complaint charging his as a juvenile delinquent based upon the same facts upon which the state relied for a conviction in the present case; that the complaint and information had been filed in the county court of Fisher County and was pending there at the time this indictment was returned in Jones County. It is admitted in the plea that appellant was more than 17 years of age at the time the indictment was returned in the present prosecution. The order of the court overruling appellant's plea recites that evidence was heard thereon but none is brought forward for inspection by this court. The offense is alleged to have occurred on the 23d of March. The complaint and information was not filed in the county court of Fisher County until the 15th day of May. The indictment in the present case was returned in Jones County on June 1st. Nothing appears in the record to apprise this court why the juvenile case in Fisher County had not been disposed of, nor as to when appellant became 17 years of age. As presented the action of the court in overruling the motion shows no error.

Appellant sought a continuance on account of the absence of the witnesses Dye and Via. It is alleged in the application that process was issued for the two witnesses on June 11, 1923 and that the sheriff's return shows that Dye was served on the 14th day of June, and that Via was not served for the reason that he could not be found in the county. The record shows a continuance to the next term of court was entered in this cause on July 7th, 1923. There is nothing to show that Via was present at the July term when the case was continued. No additional process appears ever to have been requested either for him or Dye. The application fails to show such diligence as would entitle one to a continuance.

There being no errors in the record the judgment is affirmed.

*Affirmed.*