## SCOPILLITTI v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided February 23, 1932

Kohrman & Kohrman, Cleveland, for plaintiff in error.

Ray T. Miller, Thomas A. Burke, Jr., and Neil W. McGill, Cleveland, for defendant in error.

**VICKERY, J**

It might here be pointed out that the defendant probably had waived his right to object to the proceedings by not filing a plea in abatement. The fact of defendant's minority was a defect extrinsic to the record, and §13439-7, being old §13622 GC, reads: "A plea in abatement may be made when there is a defect in the record shown by facts extrinsic thereto."

In the case of **State of Ohio v Klingen-**

berger, 113 Oh St, 419, it was held in syllabus one as follows:

"A minor charged with felony waives his right to object to the jurisdiction of the Court of Common Pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the Court of Common Pleas."

At the trial of that case after the state had rested and the defendant in error had produced two witnesses and certain exhibits bearing upon his minority, he then for the first time made his motion to dismiss, upon the ground that the court had no jurisdiction of the person of the defendant and that the Court was without jurisdiction to proceed therein.

Judge Allen delivering the opinion in that case said at page 421:

"Under §13622 GC, the proper method to raise this objection was by a plea in abatement. Instead of filing a plea in abatement the defendant pleaded not guilty. §13625" (now §13439-11) "GC, provides that the accused by demurring to an indictment, or pleading in bar, or the general issue, shall be taken to have waived all defects which may be excepted to by a motion to quash or plea in abatement."

After proceeding to discuss the applicability of the rule to a minor charged with crime, the conclusion is reached at page 423 as follows:

"Since the statute upon waiver, above cited (§13625 GC), makes no exception in the case of infants, and no case has been cited in support of the proposition, we hold that the state is correct in its contention that the defendant waived his right to question the jurisdiction of the court on the ground of his minority when he failed to file a plea in abatement."

In the instant case the defendant, after being permitted to withdraw his plea of guilty, pleaded the general issue and it would seem that he thereby waived the defect of his minority, even if he were at that time a minor.

Now, §1659 in effect made it obligatory when a minor under the age of eighteen was charged with a misdemeanor or felony that the case be referred to the Juvenile Court, and §1681 provided that the juvenile judge might remand the case to the Common Pleas Court after an investigation was had by the said juvenile judge.

*"Sec 1659. When a minor under the age of eighteen years is arrested **on and under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor,** such child shall be taken directly before the juvenile judge; if the child is taken before a justice of the peace, judge of the police **or municipal** court or **court of common pleas,** other than a **juvenile court,** it shall be the *duty of such justice of the* peace or such judge of the police or **municipal** court or **court of common pleas** to transfer the case to the juvenile judge exercising the jurisdiction herein provided. The officers having such child in charge shall take it before such juvenile judge, who shall proceed to hear and dispose of the case in the same manner as if the child had been brought before the juvenile judge in the first instance. Upon such transfer or taking of child before such juvenile judge, all further proceedings upon or under the charge, complaint, information or indictment shall be discontinued in the court of said justice of the peace, police or municipal judge or judge of the court of common pleas other than a juvenile court, and the case against or relating to such child shall thenceforth be within the exclusive jurisdiction of such juvenile judge and shall be deemed to be upon a complaint filed in such juvenile court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant originally issued out of and by such juvenile court."

*"Sec 1681. When any information or complaint shall be filed against a delinquent child under these provisions, charging him with a felony, the judge may order such child to enter into a recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance before the court of common pleas at the next term thereof: provided, however, that before determining upon or issuing any such order on a child under the age of eighteen years the judge shall cause a mental and physical examination of such child to be made by the bureau of juvenile research or by some other public or private agency qualified for such type of examination. The same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with a felony."

(*The words in italics indicate the additions to the old sections made by the amendments effective July 27, 1931).

The principal claim of error in this case is that this young man when he was arrested was a juvenile, and that that gave exclusive jurisdiction to the Juvenile Court,

and that the Common Pleas Court had therby lost jurisdiction and could in no wise try him no matter how grave the crime; that the case must be disposed of by the juvenile judge unless such juvenile judge of his own volition remanded it to the Common Pleas Court after an examination both mental and physical.

Whether this be the law or not, is not very important in this case. The writer hereof is of the opinion that the Common Pleas Court could not be deprived of its jurisdiction to try felonies, at least those felonies which under the constitution of the state of Ohio and of the United States could not be tried without first having an indictment presented against the accused. If the claims that are made in this case are tenable, then, the Juvenile Court having no power to have an indictment returned, could, if so inclined, prevent a young man from being tried for any felony no matter how grave the offense nor how guilty the defendant might be. Whether that be the law or not, it is not necessary to now determine.

The Juvenile Court apparently was established to protect **juveniles.** It was not intended to protect offenders from the punishment which the law metes out for the greater felonies, at the option of the juvenile judge. The Common Pleas Court has always had jurisdiction in felony cases under the constitution of Ohio, no matter how young the offender was, and that court can not be divested of such jurisdiction, assuming the validity of the statute above referred to which seemingly makes it mandatory where a juvenile under eighteen is arrested that he be sent to the juvenile judge for investigation and examination, and if circumstances warrant it, that the juvenile judge dispose of the matter; but if the party was **sui juris** and able both physically and mentally to commit the felony charged, that he be subject to the laws of the country and only be tried upon indictment returned by the grand jury. The Juvenile Court was given jurisdiction in this matter simply for the protection of minors to see that they were safeguarded in trials for felonies as well as misdemeanors.

The writer of this opinion apprehends that the word "may" in the statute means that where in a case of a grave offense as in murder or rape, the juvenile judge insisted upon maintaining jurisdiction of the case, then either by prohibition or mandatory injunction he could be ordered not to try, or to send the case to the Common Pleas Court. This, however, is not more than the judgment of the writer of this opinion and is not important in the instant

case, for the reason that the record in this case shows that at the time this young man was brought before the court, at least by indictment, and when the first motion was made to remove the defendant to the juvenile judge he was more than eighteen years of age and was no longer a juvenile and his case could not be adjudicated by the Juvenile Judge; and it would have been the duty of the Juvenile Judge to have refused to take jurisdiction of this case because he was asked to deal with one no longer a juvenile.

Simply because a Juvenile Judge once had jurisdiction of a juvenile, does not give him continuing jurisdiction after the accused has become an adult for the purpose of this act. To illustrate: If a young man seventeen years of age commits a murder, and is not apprehended either on a warrant or an indictment until let us say he is twenty-five years of age, it would be silly to say that his case must be referred to the Juvenile Judge, because the offense was committed when he was a juvenile. The writer of this opinion thinks that when the accused has ceased to become a juvenile, if the matter had not been disposed of in the juvenile court before he became eighteen years of age, the Juvenile Judge would **ipso facto** lose control over him, and of necessity he would be compelled to send the defendant to the Common Pleas Court; or the Common Pleas Court might ignore whatever action the juvenile court took, and could indict and prosecute because the person accused is no longer a juvenile. In other words, the juvenile statute only applies to juveniles and not to persons who have reached the age where they are no longer juveniles and not subject to that court. To hold otherwise, a juvenile would not be subject to any adequate punishment for a cold-blooded murder or, what is just as bad, for the horrible crime of rape on the part of a young man as the record shows this crime to be, and he would be saved from punishment of his crime in any adequate sense and would be treated only as a juvenile delinquent.

Such was not the intention of the juvenile statute nor was it the intention to confer jurisdiction of that kind or character upon a Juvenile Judge. In other words, the writer of this opinion and the majority of the court think that when a heinous crime has been committed by a person who when tried is eighteen years of age or more, even though the crime was committed when he was a juvenile, if he was of such age and ability that he knew the full consequences, the law was never intended to protect that sort of offender.

Now in the present case this law went into effect which caused the reference of the matter to the Juvenile Court on the 27th of July. The defendant being a man on the 21st of August committed this horrible crime upon this girl, with others. On the 23rd day of August he was arrested and bound over by the police court to the grand jury. On the 29th of August he became the full age of eighteen. On the 6th of October, more than a month after he became of full age he was indicted for the crime. On the 10th of November he first made a motion for an order to have his case removed to the Juvenile Court. That was referred and got back to the Common Pleas Court and the Common Pleas Court tried the case and so far as it appears to this court there was ample evidence to convict the young man of the crime with which he was charged,—a crime to which he had already pleaded guilty, but through the mercy of the court was permitted to withdraw his plea and submit to trial,—and the court after hearing all the evidence found him guilty; and the only error that is complained of in this record, so far as we are able to determine, is that the Common Pleas Court had no right or authority to try him because he was a minor when this crime was committed and he was first arrested. The majority of this court do not understand that to be the law.

Having gone over and reviewed all the errors complained of in the record, the majority of the court can do no other than to affirm the judgment of the Common Pleas Court.

Judgment affirmed.

WEYGANDT, J, concurs.
LEVINE, PJ, dissents.