The petitioner seeks release from the state home for girls where she is confined on a commitment issued out of the juvenile and domestic relations court of Bergen county. If that court had jurisdiction, then her confinement is lawful and she must be remanded, otherwise she must be discharged. The decision turns on her age and on the provisions of the statute creating the court.
The statute is "An act to establish juvenile and domestic relations courts, defining their jurisdiction, powers and duties, and regulating procedure therein (Revision of 1929)." P.L. 1929p. 274; Cum. Supp. Comp. Stat. 1930 p. 432. Section 2 vests the court with jurisdiction of cases "against a child under sixteen years who shall commit any of the hereinafter mentioned offenses when under the age of sixteen years * * * (c) who is a disorderly person, or (d) habitually vagrant, or (e) incorrigible * * *." *Page 518 
Three other sections of the act shed light on the question of jurisdiction. Sections 8 and 9 each provide that jurisdiction may be retained, notwithstanding the child shall have attained the age of sixteen years, after the court shall have acquired jurisdiction. Section 12 enacts, "if, during the pendency of a criminal or quasi-criminal charge against any person in any other court, it shall be ascertained that said person was under the age of sixteen years at the time of commiting the alleged offense, it shall be the duty of such court to immediately transfer such case, together with all the papers, documents and testimony connected therewith, to the juvenile and domestic relations court having jurisdiction."
The statute, although it contains much new matter not found in any previous legislation, is denominated a revision and therefore, to gather its meaning, it is especially necessary to look to earlier acts relating to juvenile courts. Statutes of this kind which have come to my attention are "An act respecting juvenile offenders" (P.L. 1900 p. 469; Comp. Stat. p. 1883); "An act establishing a court for the trial of juvenile offenders and defining its duties and powers" (P.L. 1903 p. 477; Comp.Stat. p. 1887), and "An act providing for the creation of juvenile courts in counties of the first class and defining the jurisdiction and powers thereof." P.L. 1912 p. 605; Cum. Supp.Comp. Stat. p. 914. Under the first two statutes, jurisdiction depended on the age of the child when arrested, or brought before the court; the third act is not so clear but yet I think the proper construction is the same. See particularly section 6 of the act which directs that the title of the proceeding in the juvenile court shall be "In the matter of [inserting name], a child under sixteen years of age."
Section 2 of the present act, giving jurisdiction to the court, is taken principally from section 5 of the act of 1912. In the older statute, the phrase is "Any child under sixteen years of age who violates any penal law or municipal ordinance or who commits any act, c.," while in the later law it reads, "A child under sixteen years who shall commit any of the hereinafter mentioned offenses when under the age of sixteen years." The provisions in the 1929 act for the retention *Page 519 
of jurisdiction despite the child attaining the age of sixteen years, are taken with no substantial change in phraseology from a supplement to the act of 1912. P.L. 1918 p. 213; Cum. Supp.Comp. Stat. p. 920.
The provision for the transfer of cases from other courts found in section 12 of the 1929 statute is derived from two sources, the first a supplement to the act of 1903 (P.L. 1910 p. 300), which directs that "all such juvenile defendants complained against before any police judge," c., shall be arraigned before the juvenile court; the other, section 10 of the statute of 1912, "if any child under the age of sixteen years is taken before a justice of the peace," c., the case shall be transferred to the juvenile court. The direction in the 1929 act that the case shall be transferred if the defendant was under the age of sixteen years at the time of committing the alleged offense, is new so far as I can find.
It appears that under the earlier statutes, the jurisdiction over juvenile offenders was determined by the age of the child at the time the proceeding was initiated. When a number of old statutes are gathered into a revision, the legislature is not presumed to intend to change the law unless the intention to make a change is reasonably clear Leonard v. Leonia Heights LandCo., 81 N.J. Eq. 489; Martin v. DyerKane Co., 113 N.J. Eq. 88.
In the statute of 1929, sections 2, 8 and 9 all indicate that in order for the court to have jurisdiction, the proceeding must be started while the child is under the age of sixteen years; a contrary construction would do violence to the language used by the legislation. The court has no jurisdiction when the proceeding is begun after the child has attained sixteen years, unless complaint is first made in another court and is transferred to the juvenile court pursuant to section 12. It may be noted that section 12 deals only with a criminal orquasi-criminal charge, while the class of cases under section 2 seems to be broader.
The proceeding in the juvenile court now under consideration, was initiated August 13th, 1934, by a petition setting forth that Margaret Williams attained the age of sixteen years June 18th, 1934. The commitment, dated September 22d 1934, commands the sheriff to take "Margaret Williams, *Page 520 
a girl under the age of seventeen years, to wit, of the age of sixteen years two months, as near as can be ascertained," and who has been adjudged a juvenile delinquent, and to deliver her to the superintendent of the state home. If her age was accurately stated in the commitment, she was twenty-one days over sixteen years when the proceeding started. The jurisdiction of a cause of action is determined in the first instance by the pleading which initiates the proceeding. Lake Shore M.S. Ry. v. Clough
(Ind.), 104 N.E. Rep. 975; 105 N.E. Rep. 905. Here the petition affirmatively shows that the juvenile court had no jurisdiction. The lack of jurisdiction also may be gathered from the commitment. Let the petitioner be discharged.