# STATE EX REL. ROBERT FARRINGTON PETT v. CARL J. JACKSON.

90 N. W. (2d) 219.

May 16, 1958—No. 37,493.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *John R. Murphy,* Assistant Attorney General, for appellant.

*Daniel S. Feidt* and *Robert I. Lang,* for respondent.

*Russell L. Frazee, Einer C. Iverson,* and *Bruce C. Stone,* for Minnesota County Attorneys' Association, amicus curiae.

THOMAS GALLAGHER, JUSTICE.

Upon the petition of respondent, Robert Farrington Pett, a writ of habeas corpus was issued by the District Court of Sherburne County on December 13, 1957. In response thereto on December 27, 1957, Carl J. Jackson, superintendent of St. Cloud Reformatory, hereinafter referred to as appellant, to whom it was directed, filed his return and produced respondent in said court, at which time a hearing on the petition was held.

It is respondent's claim that he is unlawfully imprisoned in the state reformatory for men at St. Cloud in that at a time when he was 17 years of age he was tried, convicted, and sentenced to life imprisonment for first-degree murder in the District Court of Carver County without first having been submitted to the jurisdiction of the probate court of Carver County, acting in its capacity as juvenile court pursuant to M. S. A. c. 260. The District Court of Sherburne County determined that respondent's claims in this respect were true and that he is being unlawfully confined in the state reformatory for men and directed that the appellant discharge him therefrom.

Appellant admits that respondent was not submitted to the jurisdiction of such juvenile court prior to his trial in the district court but contends that under Minn. Const. art. 6, § 5, the district court had original jurisdiction in the criminal proceedings involving respondent and that, if c. 260 requires that the juvenile court have jurisdiction therein, it is invalid under the terms of such constitutional provision which provides that:

"The district court shall have original jurisdiction * * * in all criminal cases where the punishment shall exceed three months' imprisonment

or a fine of more than one hundred dollars, * * *."

Chapter 260, in so far as it is relevant here, provides as follows:

§ 260.01. "* * * The term 'delinquent child' means a child who violates any law of this state * * *."

§ 260.08. "* * * if it appears that a child may be * * * delinquent * * * [a] summons may be issued by the judge or clerk of the [juvenile] court requiring the person having custody or control of the child * * * to appear with the child at a place and time stated in the summons, * * *. The parents of the child * * * shall be notified of the proceedings. * * *

"* * * The child shall have the right to appear and be represented by counsel * * *."

§ 260.21. "The adjudication of a juvenile court that a child is delinquent shall in no case be deemed a conviction of crime; but the court may in its discretion cause any alleged delinquent child of the age of 12 years or over to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes and misdemeanors, * * *."

§ 260.22, subd. 1. "When any minor is arraigned upon a criminal charge before a judge of the municipal court or justice of the peace otherwise than upon an order transferring the case from a juvenile court * * * the case shall forthwith be transferred to the juvenile court of the county."

■ In State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N. W. (2d) 234, most of the issues here presented were determined. There we held that a juvenile convicted of the crime of second-degree murder in district court proceedings was unlawfully imprisoned because a provision of c. 260 had not been complied with prior to trial. There we stated (249 Minn. 249, 82 N. W. [2d] 237):

"* * * We do not see how the clear purpose of the act may be achieved if it is not mandatory that the proceeding set forth in c. 260 take place before a delinquent child may be prosecuted in the district court. * * *

*     *     *     *     *

"It is * * * our opinion that the intent of the legislature was clearly to require proceedings under the Juvenile Court Act prior to a proceeding in the district court.

"* * * the Juvenile Court Act does not deprive the district court of its criminal jurisdiction. The procedures required are those which must be followed before criminal jurisdiction comes into being. * * *

"* * * there is no conflict with the Minnesota constitution in requiring that a proper proceeding must be held under c. 260 prior to the district court's exercise of its criminal jurisdiction in these matters."

■ The proceeding to be undertaken when there has been a failure to comply with the provisions of c. 260 is outlined in the Knutson case as follows (249 Minn. 253, 82 N. W. [2d] 239):

"This opinion is not to be construed as barring any further action against the accused on any plea or theory of former jeopardy. It appears basic in the law that the effect upon a claim or plea of former jeopardy of a discharge on habeas corpus after a conviction depends upon the ground of the discharge. If the discharge is upon the ground that the court trying the accused lacked jurisdiction, then the accused may be subsequently tried before a court of competent jurisdiction and on a valid charge. It has generally been held that the resentencing of a prisoner who has been discharged on habeas corpus from confinement under an illegal sentence is not objectionable as putting him twice in jeopardy. 15 Am. Jur., Criminal Law, § 364, and citations thereunder."

■ It follows from the foregoing that in the instant case, because of the failure to comply with the provisions of c. 260, the District Court of Carver County did not have jurisdiction in the criminal proceedings involving respondent at the time he was tried, convicted, and sentenced therein by such court. He was then 17 years of age, and it was essential under c. 260 that before trial in district court he first be submitted to the jurisdiction of the probate court of Carver County, acting in its capacity as juvenile court. The latter, after applying the provisions of § 260.08, could then, pursuant to § 260.21, direct the county attorney of Carver County to institute proceedings in the district court for respondent's prosecution for the crime with which he was charged.

This would not mean that the grand jury of Carver County was obligated to wait until subsequent to respondent's appearance in juvenile court before returning its indictment. The indictment having been returned, respondent was subject to arrest, but thereafter it was the duty and obligation of the arresting officers or the county attorney to submit him to the jurisdiction of the juvenile court of Carver County for preliminary proceedings under c. 260. Until this was done, the district court was without jurisdiction to proceed with his trial.

■ As to whether, under § 260.21, a juvenile court is empowered in its discretion to refuse to order prosecution of a juvenile for the commission of a felony as serious as murder, notwithstanding the provisions of Minn. Const. art. 6, § 5, we need not now consider. When such a crime has been committed by a juvenile who is thereafter subjected to the jurisdiction of the juvenile court, we doubt that the latter would ever exercise its discretion under § 260.21 to refuse to order his prosecution therefor in district court. If such an event should take place, the validity of the proceedings giving it effect may then be determined.

The decision of the trial court in the present proceedings must be affirmed. Respondent, of course, is no longer a juvenile and any original jurisdiction possessed by the juvenile court of Carver County terminated when he ceased to have such status. See, Burrows v. State, 38 Ariz. 99, 297 P. 1029; Scopillitti v. State, 41 Ohio App. 221, 180 N. E. 740; State v. Adams, 316 Mo. 157, 289 S. W. 948; People v. Ross, 235 Mich. 433, 209 N. W. 663; In re Williams, 117 N. J. Eq. 517, 177 A. 85; Smith v. State, 99 Tex. Cr. 402, 269 S. W. 793, where statutes similar to §§ 260.21 and 260.22 were thus construed. Under the statutes and authorities cited, it follows that respondent is now unlawfully imprisoned and should be discharged from appellant's custody to Carver County officials for trial for the crime for which he was indicted, the former proceedings against him therein not to constitute previous jeopardy therefor.

The decision of the trial court is affirmed and the case remanded for further proceedings in conformity herewith.