STATE EX REL. VERNON C. O'NEILL v. DOUGLAS C. RIGG.

98 N. W. (2d) 142.

July 24, 1959—No. 37,649.

*Feinberg, Mirviss, Meyers & Schumacher,* for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of Minnesota State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the District Court of Washington County which denied appellant's petition for a writ of habeas corpus.

Appellant entered a plea of guilty to the crime of grand larceny in the first degree on October 4, 1951, upon an arraignment on an information filed in Hennepin County District Court.[1] Subsequently on December 7, 1951, he entered a plea of guilty to an information charging him with two previous convictions under M. S. A. 610.28. He was sentenced on December 7, 1951. His sentence was stayed and he was placed on probation. The stay was vacated on December 9, 1952, on recommendation of the probation officer, and appellant was committed to the State Prison at Stillwater.

By the information filed October 4, 1951, it is charged that the appellant, having possession of $1,700 belonging to certain parties, appropriated the same to his own use without the consent of the parties to whom the money belonged. The complaint grew out of a real estate transaction in which appellant was employed as a broker in negotiating a sale of one house and the purchase of another for his clients. The sale resulted in the possession by appellant of a contract for deed which, pursuant to the wishes of his clients, he sold for $1,700 in order to secure cash for use in making a contemplated purchase. A part of the $1,700 was to be appellant's commission. He retained all of the money, allegedly because he did not know to whom it should be paid—a dis-

---

[1]M. S. A. 622.01, the statute concerning larceny under which defendant plead guilty, provides:

"Every person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, * * *:

\* \* \* \* \*

"Steals such property, and shall be guilty of larceny."

Section 622.05 makes a violation of § 622.01 grand larceny in the first degree if, inter alia, the property stolen is of the value of more than $500.

pute having arisen between his clients and a third party concerning the purchase of a house. It appears that the appellant came into possession of the money in March 1951 and when he was called upon to account for it in the fall of 1951 he was unable to pay it. He concedes that he spent the money. In his statement to the court he said:

"We made a deal and when it was so mixed up, your Honor, in the meantime I spent the money and I left for North Dakota to get the money to pay up."

It appears that restitution was made for appellant by his mother at the time sentence was imposed.

The information as to previous convictions showed that the defendant had been convicted in North Dakota in 1944 of the offenses of grand larceny and robbery in the first degree.

By judgment of sentence dated December 7, 1951, entered in the District Court of Hennepin County, it was provided that the defendant be confined to the State Prison at Stillwater until discharged by due course of law or by competent authority. This sentence, however, was stayed and the defendant placed on probation for a period of 5 years. The record indicates that after the date of the sentence the defendant became involved in further difficulties. He continued drinking intoxicating liquor contrary to the terms of his probation; he issued checks on accounts in which he did not have funds; he forged car sales contracts and submitted untruthful reports to the probation officer. The trial court, accordingly, on December 9, 1952, vacated the stay of sentence, and commitment on the original judgment of conviction was issued.

■ It is well settled that the scope of review in habeas corpus proceedings is limited. Ordinarily the only questions open to review on habeas corpus after conviction are whether the court had jurisdiction of the crime and the defendant; whether the sentence was authorized by law; and, in certain cases, whether the defendant was denied fundamental constitutional rights. The writ may not be issued as a substitute for an appeal or motion to correct, amend, or vacate. Willoughby v. Utecht, 223 Minn. 572, 578, 27 N. W. (2d) 779, 783, 171 A. L. R. 535, 539 to 540; State ex rel. DuFault v. Utecht, 220 Minn. 431, 19

N. W. (2d) 706, 161 A. L. R. 1316; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.

■ Relying on State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, the appellant contends that the writ should be granted because he did not have the intent to defraud or deprive others of property which is an essential element of the offense. It is clear from the statement of the defendant himself that he unlawfully appropriated the money to his own use. The intent which is a necessary element of the offense is established by his voluntary admission and his act of appropriating the money to his own use. State v. McGregor, 88 Minn. 77, 78, 92 N. W. 458, 459; see, also, State v. Kortgaard, 62 Minn. 7, 64 N. W. 51; State v. Hokenson, 211 Minn. 70, 300 N. W. 193. The facts here may be distinguished from those in the Dehning case. In that case there was no admission of intent on the part of the defendant to commit the offense with which he was charged; whereas, here the appellant has admitted that he appropriated the money to his own use and after doing so he went to North Dakota with the intent of helping his parents harvest the crop on their farm so he could secure money to repay the misappropriation.

■ The defendant was represented by counsel of his own choice. After carefully examining the file and transcript of the proceedings, we are of the view that there is no merit to the appellant's contention that he was not represented by competent counsel. This is not a case in which the defendant was required to enter a plea of guilty to the grand larceny and prior felony informations without due reflection. As we have already stated, the original information was filed October 4, 1951, and sentence was not imposed until December 7, 1951. It is apparent from the record that during that time he had numerous conferences and meetings with his attorney. The record further indicates that his attorney was familiar with the issues involved in the proceedings and provided him with competent representation. Moreover, the defendant failed in the opportunity given to him by the court to rehabilitate himself, as a result of which the court properly issued the commitment on the sentence he is now serving.

Affirmed.