# STATE EX REL. DUANE R. PETERSON v. RALPH H. TAHASH.

109 N. W. (2d) 328.

May 19, 1961—No. 38,284.

*Duane R. Peterson,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of the State Prison.

MURPHY, JUSTICE.

This is an appeal from the order of the District Court of Washington County denying a petition for a writ of habeas corpus. Two previous petitions based upon substantially the same grounds were denied by the same district court.

The petitioner is now confined in the state penitentiary at Stillwater under sentence following his plea of guilty to an indictment charging him with robbery in the first degree and subsequent pleas of guilty to two prior felonies. He was taken into custody by Minnesota authorities in Miami, Florida, December 8, 1956. He was returned to Ramsey County, Minnesota, December 10 and confined in the county jail to await action by the grand jury. On December 12 he was indicted, and on December 19 he was arraigned in the District Court of Ramsey County. The arraignment was continued until December 28, 1956, at which time sentence was imposed. At his arraignment he was represented by the public defender of Ramsey County. He was examined in open court by both the county attorney and the public defender. No fixed term was provided by the sentence, the commitment being "according to law."

From the record before us it appears that on November 23, 1956, the petitioner and two others robbed the Johnson Supermarket located in Ramsey County, Minnesota. At that time he was 23 years of age. We gather from the material contained in the record that when the petitioner was 15 years of age he was committed to the State Training School for Boys at Red Wing for car theft. He committed the same

offense when he was 17 years of age and at that time was sentenced to the reformatory at St. Cloud. A year later he was again convicted of car theft and sentenced to the St. Cloud reformatory, where he served 3½ years. He was discharged in April 1956 and the following November committed the offense for which he is now serving his sentence.

■ Relying on State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, the petitioner contends that the writ should be granted because he did not have the required intent essential to the offense of committing robbery in the first degree. It is apparent from an examination of the record before us that this contention is entirely without merit. He and two other young men entered the Johnson Supermarket fully armed, the petitioner carrying a .32 automatic, with the intention of committing the robbery. In his testimony the petitioner said:

"* * * Well, we just proceeded to rob the place, that's all."

At another point in his testimony he said:

"* * * I walked around the store. I picked up a can or something. I don't remember what it was and together Rollins and I walked thru the cashiers up around on the counter and Rollins walked up to the manager as if he had a complaint and the manager, however, either didn't hear him or something happened anyway. Rollins became frustrated and walked away. The job not being planned you might say Rollins and I decided that we were going outside and I was heading for the door, the 'Out' door, when Leisdon said 'Let's get it anyway.' We had already caused suspicion so the three of us pulled our guns and the manager told the girl to put the money in the sack. She did. We took the sacks and left the store."

He conceded that they obtained by the robbery "77¢ lacking $5000.00."

The petitioner asserts that from his testimony above quoted it is established that in the process of the robbery there was a momentary period of indecision which indicates that the offense was committed on the spur of the moment and establishes the absence of the necessary element of intent to commit the offense. As we said in State ex

rel. O'Neill v. Rigg, 256 Minn. 293, 98 N. W. (2d) 142, the intent which is a necessary element of the offense is established by petitioner's voluntary admission and his act of appropriating the money to his own use. State v. McGregor, 88 Minn. 77, 92 N. W. 458; see, also, State v. Kortgaard, 62 Minn. 7, 64 N. W. 51; State v. Hokenson, 211 Minn. 70, 300 N. W. 193. The facts here may be distinguished from those in the Dehning case. In that case there was no admission on the part of the defendant of intent to commit the offense with which he was charged. Here the petitioner has admitted that he and two others, all armed, entered the supermarket for the purpose of committing robbery, accomplished that purpose, appropriated the proceeds of the robbery, and after doing so left the state.

■ The contention of the petitioner that he did not have adequate representation of counsel is without merit. No specific facts or reasons are alleged to indicate in what respect, if any, he was denied adequate representation by counsel. We stated in State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, that the bare assertion that the attorney of an accused is not competent is not of juridical significance. Here, after having had a reasonable opportunity to consult with the public defender and be advised as to his rights, defendant freely admitted his part in the commission of the offense. In the absence of any affirmative showing to the contrary, there is a controlling presumption that court-appointed counsel in a criminal case not only has consulted with his client, the accused, but also has in good faith advised him of his rights in entering a plea of guilty or not guilty. There is no showing here of infidelity or incompetence on the part of the public defender.

■ It is next contended by the defendant that his sentence under the Habitual Criminal Act is not valid. Upon arraignment on the prior convictions the county attorney filed an information alleging conviction for the offense of grand larceny of an automobile on June 15, 1951, and another information alleging conviction for the offense of using the automobile of another without the owner's permission on January 9, 1953. Presumably the defendant was sentenced under Minn. St. 619.41 and 619.42, which define and provide punishment for the offense of robbery in the first degree. The penalty so provided is not less than 5 nor more than 40 years. It is apparently the conten-

tion of the petitioner that the sentence invokes the penalties of the habitual-criminal statute, § 610.29, and that it cannot be effective because one of the prior convictions, that imposed in 1951 for car theft when he was 17 years of age, was later vacated by order of court.[1] Assuming that the petitioner is correct in claiming that the conviction of 1951 is not valid, he is still subject to the penalties of § 610.28, which provides for additional punishment for second offenders. The latter statute provides:

"Every person who, after having been convicted in this state of a felony or an attempt to commit a felony, or, under the laws of any other state or country, of a crime which, if committed in this state, would be a felony, commits any felony or attempts to commit any felony, in this state, upon conviction thereof, shall be punished as follows:

\* \* \* \* \*

"(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

We have frequently said that a petition for a writ of habeas corpus based upon the invalidity of a sentence, which it is claimed is excessive under the law, is premature if brought before the petitioner has served the maximum sentence, less time off for good behavior, to which there is no objection. State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79. Since the petitioner has not yet served the maximum term for which he has been legally sentenced for the offense of rob-

---

[1]This order of the court is probably explained by our decisions of State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N. W. (2d) 234, and State ex rel. Pett v. Jackson, 252 Minn. 418, 90 N. W. (2d) 219, prohibiting prosecutions of juveniles under the age of 18 in district court in the absence of valid proceedings including a hearing in juvenile court under § 260.08.

bery in the first degree and one prior conviction, his petition is premature.

■ The point is raised by the petitioner that he was denied due process because there was no preliminary hearing prior to his arraignment. This objection may be disposed of by repeating our statement in State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, that a defendant who has been convicted of a felony and sentenced by a court of competent jurisdiction may not raise on habeas corpus the objection that there was no preliminary examination.

■ After a careful examination of the record we conclude that the petition for relief to which the petitioner feels he is entitled should be addressed to the parole board and not to the court by way of habeas corpus proceedings. We have said many times that the scope of review in such proceedings is limited. The only questions open to review on habeas corpus after conviction are whether the court had jurisdiction of the crime and the person of the defendant, whether the sentence was authorized by law, and in certain cases whether the defendant was denied fundamental constitutional rights. The writ may not be used as a substitute for appeal or motion to correct, amend, or vacate the sentence. State ex rel. O'Neill v. Rigg, 256 Minn. 293, 98 N. W. (2d) 142.

Affirmed.

Mr. Justice Otis took no part in the consideration or decision of this case.