**Vernon C. O'NEILL, Petitioner,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Prison, Respondent.**

**No. 17489.**

United States Court of Appeals Eighth Circuit.

Nov. 7, 1963.

Vernon C. O'Neill, in pro. per.
No appearance for respondent.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

### PER CURIAM.

This matter is before us on an application by an inmate of the Minnesota State Prison to have a certificate of probable cause issued by a judge of this Court. The District Court for the District of Minnesota had denied his petition for a writ of habeas corpus without a hearing and had refused to issue a certificate of probable cause to him under 28 U.S.C.A. § 2253.

The first claim made as a basis for seeking habeas corpus relief was that petitioner "was denied the effective and adequate assistance of counsel for his defense", in his conviction and sentencing. That claim had previously been asserted in a habeas corpus proceeding in the state courts and was answered by the Minnesota Supreme Court in State ex rel. O'Neill v. Rigg, 256 Minn. 293, 98 N. W.2d 142. The opinion of the Court pointed out that, from the filing of charges against petitioner on October 4, 1951, and through his sentencing on December 7, 1951, he "was represented by counsel of his own choice"; that from the record it was apparent that "during that time he had numerous conferences and meetings with his attorney"; that the record further indicated "that his attorney was familiar with the issues involved in the proceedings and provided him with competent representation"; and that on the face of these elements his charge that "he was not represented by competent counsel" was without prima facie substance or merit sufficient to require examination as a question of constitutional violation.

The bases on which incompetency of counsel and inadequacy of representation were sought to be suggested were that under Minnesota law the facts involved in the information against him could not give rise to a criminal offense but to a civil liability only; that petitioner's counsel "made no investigation of the facts as applied to the law else he would not have induced petitioner to plead guilty to a matter not criminal, but civil in nature"; and that petitioner thus was improperly "coerced and persuaded" by his counsel "to plead guilty to the crime of larceny on promise of probation and threat that a jury would find a real estate broker with a criminal record guilty no matter how valid the defense".

█ The contention that the facts involved could not possibly afford grounds for a criminal charge under Minnesota law is left without basis from the recog-

nition contained in the Minnesota Supreme Court's opinion to the contrary. Vanderhei v. Carlson, Minn., 94 N.W.2d 141 and 142. Thus the premise (i. e. no possible criminal offense) on which petitioner predicated his accusation of ignorance or deceit on the part of his counsel could hardly afford substance calling for a hearing on whether there was such incompetent or inadequate legal representation as to make his conviction a farce and mockery of justice.

On the circumstances pointed out by the Minnesota Supreme Court, and in the light of petitioner's previous experience with criminal charges and pleas of guilty, it is quite obvious that the realities were that he was desirous at the time of obtaining the probation which his attorney, despite his record of previous convictions, was able to persuade the court to grant him; that, as the Minnesota Supreme Court stated, he continued, however, to engage in criminal activity, with the consequence that his probation was revoked; and that it is this fact which is the source of his present irritation and grievance.

■ His other claims are directed at the use made of two prior North Dakota convictions as a basis for increased punishment against him under § 610.31, M.S.A., of the Minnesota Habitual Criminal Act. He sought to have the federal court examine collaterally and declare void the North Dakota convictions, as he had similarly attempted to have the Minnesota courts do in a previous state habeas corpus proceeding, on the grounds that the pleas of guilty underlying the convictions "were had without the benefit of counsel"; that they were the result of "coercion and misleading advice by the (North Dakota) state officers"; and that "the conviction could not have been sustained because of fatally defective informations".

In view of his plea of guilty to the existence of the convictions and his recognition thereby of the propriety of their use under the Minnesota Habitual Criminal Act (the only attack upon his plea of guilty thereto being the untenable one of incompetency and inadequacy of counsel, as referred to above), there could be no violation of due process in the State's refusal to make examination in this respect. Indeed, his general conclusionary assertions without setting out any indicative facts or circumstances would not ordinarily be sufficient even otherwise to require consideration.

■ Nor is there any substance to petitioner's contention that it was a violation of due process for the court to have used the North Dakota convictions without requiring proof that they were for offenses constituting felonies under Minnesota law, under the provisions of §§ 610.28, 610.29, and 610.31 M.S.A., that convictions under the laws of other states to be capable of being used for purposes of the Minnesota Habitual Criminal Act had to also represent felonies under Minnesota law. The answer which the Minnesota Supreme Court made to this contention, in petitioner's second state habeas corpus proceeding, was that a Minnesota state district court is "charged with the duty of taking judicial notice of the statutes of other states." State ex rel. O'Neill v. Tahash, Minn., 122 N.W.2d 165, 167. A further answer would perhaps be that petitioner's plea of guilty to their use was a sufficient acknowledgment of the competency and propriety of such use as not to require the court to make further examination. In any event, the holding of the Minnesota Supreme Court as to the duty of the state district court to take judicial notice, and the determination made in its opinion that the North Dakota offenses "would be a felony under the law of Minnesota", dispose of any possible question of due process.

The application to have a certificate of probable cause issued by a judge of this Court is denied.