## STATE EX REL. BERNARD PATRICK MORIARTY v. RALPH TAHASH.

112 N. W. (2d) 816.

January 5, 1962—No. 38,510.

*Bernard Patrick Moriarty,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of the State Prison.

MURPHY, JUSTICE.

This is an appeal from a denial of a petition for a writ of habeas

corpus. The relator, an inmate at the Minnesota State Prison at Stillwater under sentence following a plea of guilty to the offense of criminal negligence, asserts that he was denied due process of law.

The relator was arrested on October 8, 1959, following an automobile accident. The driver of the automobile with which he collided died as a result of injuries received. It appears from the records of the clerk of municipal court of Minneapolis that the relator was arraigned on October 9, 1959, charged with violations of ordinances of the city of Minneapolis in that he (a) was driving while under the influence of liquor; (b) failed to stop and give information after being involved in an accident; and (c) was driving after his driver's license had been revoked. It does not appear that he entered a plea to these charges or that further proceedings were had with relation to them. Instead he was held on a prior commitment based on a conviction for the offense of driving an automobile while under the influence of liquor. He had been sentenced to 30 days for that offense but was paroled before completion of the sentence. His parole was accordingly revoked and he was remanded to the custody of the Minneapolis workhouse to complete the remainder of his sentence.

On October 27, 1959, the grand jury returned an indictment charging the relator with criminal negligence under Minn. St. 169.11, the offense for which he is now imprisoned. The indictment charged that on October 8, 1959, in the city of Minneapolis he "wilfully, unlawfully, wrongfully and feloniously and in a reckless and grossly negligent manner" drove a 1952 Ford sedan at an excessive rate of speed while under the influence of liquor, causing it to collide with an automobile driven by one John E. Larkin; that the offense occurred at the intersection of 14th Avenue South and East 38th Street in Minneapolis; and that as a result of the relator's criminal negligence the said Larkin received injuries from which he died on October 8, 1959.

On November 3, 1959, the relator was brought before the District Court of Hennepin County for arraignment on the indictment. He pleaded not guilty. On November 9, he appeared with the assistant public defender and entered a plea of guilty. At that time the relator testified as follows:

"Q You understand you have just pled guilty to the felony of Criminal Negligence in connection with the operation of a motor vehicle?

"A Yes.

"Q And you enter this plea freely and voluntarily?

"A Yes.

"Q And you have been advised that you are entitled to a jury trial if you so choose?

"A Yes, I have.

"Q And if you had stood trial either by the Court or by a jury, there would be a presumption of innocence on your part until proved beyond a reasonable doubt that you were guilty?

"A Yes.

"Q And that the State would be required to prove you guilty beyond a reasonable doubt?

"A Yes, I do.

"Q And you enter this plea on the basis, or do you enter this plea on the basis of any [threats] or promises made by anyone?

"A No, I don't."

At his arraignment the relator was advised that there was an error in the indictment with reference to the description of the street intersection at which the fatal collision occurred. The relator made no objection to the amendment of the information to conform with the fact and waived the defect with reference to the error. After the plea of guilty was entered the court referred the matter to the probation office for presentence investigation.

It appears that on December 1, 1959, the relator posted bond and was released pending his appearance in the district court for sentencing. On January 12, 1960, he appeared in court pursuant to the terms of his bond. Before sentence was imposed he was arraigned on a prior conviction pursuant to the so-called second-offense statute, Minn. St. 610.28. The charge of a prior conviction grew out of a sentence imposed on relator on April 21, 1955, for the offense of assault in the second degree. On his appearance for sentencing, relator was represented by counsel and the following proceedings were had:

"The Clerk: An Information has been filed as to one previous conviction. Do you want it read?

"Mr. Fisch [relator's counsel]: No, you may waive it.

"The Clerk: Waive the reading. How do you plead on the prior conviction, guilty or not guilty?

"The Defendant: Guilty.

"Mr. Fisch: Guilty Mr. Clerk. For the record, so there is no misunderstanding, read the date and the charge, will you please, for us so he understands it.

"The Clerk: (Reading) 'That the said Bernard Patrick Moriarty, the identical defendant named in the above Information, was on or about the 21st day of April, 1955, charged in the District Court of Stevens County, Minnesota, with the crime of Assault in the Second Degree; thereafter said defendant'—

"Mr. Fisch: That is enough. You went to St. Cloud on it, and you are the one and the same person?

"The Defendant: Yes."

The sentence which the relator is now serving was thereupon imposed. The ordinance violations were dismissed on January 18, 1960.

■ The contention of the relator that he did not have adequate representation by counsel is without merit. No specific facts or reasons are alleged to show in what respect, if any, he was denied adequate representation by counsel. We stated in State ex rel. Peterson v. Tahash, 260 Minn. 192, 109 N. W. (2d) 328, that the bare assertion that the attorney for an accused is not competent is not of juridical significance. Here, after having had a reasonable opportunity to consult with the public defender and be advised of his rights, the relator freely admitted the commission of the offense. In the absence of any affirmative showing to the contrary, there is a controlling presumption that court-appointed counsel in a criminal case not only has consulted with his client, the accused, but also has advised him in good faith of his rights in entering a plea of guilty or not guilty. There is no showing here of infidelity or incompetence on the part of the defense counsel.

■ It is next contended by the relator that the court lost jurisdic-

tion over him because the indictment was orally amended. There is no merit to this argument. The record clearly indicates that the relator waived the defect, which at most was of a minor character. Moreover, Minn. St. 628.19 provides:

"No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. * * * "

The relator does not explain in what way he was prejudiced by the asserted error in the information. We are of the view that the minor mistake obviously was one which under the provisions of § 628.19 was not sufficient to affect the validity of the relator's conviction. State v. Irish, 183 Minn. 49, 235 N. W. 625. Moreover, technical errors relating to allegations contained in an information may not be challenged by habeas corpus after conviction and sentencing. State ex rel. Welper v. Rigg, 254 Minn. 10, 17, 93 N. W. (2d) 198, 203.

■ Numerous other points are raised which are without merit and require no more than passing comment. The relator claims that he has been denied due process because he does not know the cause of death of the occupant of the car with which he collided. Yet according to the record he testified on November 9 that "I had a car accident on 14th Avenue and 38th South, and there was a fellow that was killed, and due to my negligence * * *." It may be assumed that any issue, if one existed, on this point would have been raised by his counsel.

■ The further objections of the relator relating to the asserted improper application of § 610.28, the second-offense statute, and his claim that he was never adjudged guilty are bald assertions made without argument or authority and without foundation or support in the record. After a careful examination of the record we can only repeat that whatever grounds the petitioner feels he has for relief should be addressed to the parole board and not to the court by way of habeas corpus proceedings. We have said many times that the scope of review in such proceedings is limited. The only questions open to review on habeas corpus after conviction are whether the court had jurisdiction of the crime and the person of the defendant; whether the sentence

was authorized by law; and, in certain cases, whether the defendant was denied fundamental constitutional rights. The writ may not be used as a substitute for appeal or motion to correct, amend, or vacate the sentence. State ex rel. O'Neill v. Rigg, 256 Minn. 293, 98 N. W. (2d) 142.

Affirmed.