## STATE v. JOHN FRANCIS CLIFFORD, JR.

126 N. W. (2d) 258.

January 17, 1964—No. 39,303.

*Edward M. Glennon,* for appellant.
*George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

PER CURIAM.

On May 6, 1963, defendant pleaded guilty to the crime of burglary in the third degree. He was represented by the public defender of Hennepin County. Sentence to the State Prison in Stillwater was imposed. Prior to expiration of the time for appeal and upon application of the defendant, who claimed to be an indigent, Edward M. Glennon, a Minneapolis attorney, was appointed to assist him in securing a review of the conviction and appeal to this court was perfected.

Application is now made by the attorney for the defendant for an order of this court directing the issuance of subpoenas for the purpose of making a record to be used in support of defendant's contention that he was motivated to enter a plea of guilty because of evidence illegally obtained and a confession which was not freely and voluntarily given. The application is opposed by the county attorney for Hennepin County.

To grant defendant's request for an order directing the issuance of subpoenas and to review the contemplated depositions would be to assume the duty of deciding a fact question which should first be presented to and determined by the district court from which the appeal is taken. Ordinarily, this is not a proper function of an appellate tribunal and the application is therefore denied.

The better procedure is for defendant to apply to the district court for an order vacating the judgment of conviction and authorizing and permitting withdrawal of the plea of guilty. See, 5 Dunnell, Dig. (3 ed.) § 2444; State v. McDonnell, 165 Minn. 423, 206 N. W. 952; 14 Am. Jur., Criminal Law, §§ 286, 288; Annotation, 146 A. L. R. 1430. Whether such an order

will issue must depend upon the showing made by defendant in support of his application. If he is able to establish prima facie that he did in fact enter a plea of guilty because of a genuine misapprehension of his legal position and his constitutional rights, the application will no doubt be granted and the admissibility of the confession and of the evidence obtained as a result of the search and seizure can then be determined in the proper forum, perhaps by a motion to suppress. See, Minn. St. 626.21.

The matter is, therefore, remanded to the District Court of Hennepin County for proceedings consistent with this opinion. If the motion to vacate the judgment of conviction and withdraw the plea of guilty is granted, our jurisdiction will automatically terminate upon the filing of such an order. If the motion is denied by the district court, further proceedings in this court will be possible, the appeal from the judgment of conviction having been perfected.

Remanded.