STATE EX REL. LAWRENCE E. RANKIN v.
RALPH H. TAHASH.

149 N. W. (2d) 12.

February 17, 1967—No. 40,275.

*George L. Powell* and *Bruce A. Poulsen,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, warden of State Prison.

NELSON, JUSTICE.

Appeal from an order of the District Court of Washington County denying a petition for a writ of habeas corpus. Relator was committed to the State Prison pursuant to conviction following pleas of guilty to the crime of robbery in the first degree and to one prior felony conviction.

There is no dispute with respect to the facts. It is the application and the interpretation of the facts which bring this case before us for review. Relator, then 18 years of age, was arrested in the city of Minneapolis on September 19, 1949. He waived a preliminary hearing on September 27, 1949, and was arraigned the next day on an information charging robbery in the first degree. Since he was not represented by counsel at the time, the trial court ordered a plea of not guilty to be entered in his

behalf. The transcript indicates that the trial court then examined relator as to his finances and determined that they warranted his hiring his own lawyer.

On October 13, relator appeared before the court with the attorney he had chosen and sought leave to change his plea to guilty. The following then occurred:

"THE COURT: You have talked to him?

"MR. SCHABEL [defendant's counsel]: Yes, I have, and ask that it be referred for pre-sentence investigation.

"THE COURT: The plea of guilty may be received and it will be referred for pre-sentence investigation to the Probation Department."

When relator with his attorney again came before the same district judge November 17, 1949, for sentence, a second information was filed against him charging a prior conviction. The transcript of the proceedings discloses the following:

"THE CLERK: An information has been filed against you under the name of Lawrence E. Rankin; that is your true name, is it?

"THE DEFENDANT: Yes.

"THE CLERK: The information charges you with one prior conviction. Do you understand what it is or do you wish me to read it to you?

"THE DEFENDANT: I understand.

"THE CLERK: Here is a copy of it, counsel. Do you wish to plead guilty to that prior conviction?

"THE DEFENDANT: Yes, sir.

"MR. VAN LEAR: State moves for sentence, Your Honor."

The court then examined relator, the examination including the following questions:

"Q. In addition to this particular job you are charged with here—that was the robbery of the Terbay Grocery Store, was that it?

"A. Yes.

"Q. You and your brother were together on that?

"A. Yes.

"Q. How many others were you on?

"A. Two others.

"Q. Where were they?

"A. One was on Hiawatha; one was over southeast, I think.

"Q. How much did you get in these robberies? In this one you got 130-some dollars?

"A. 100 and some, I don't know how much.

"Q. How much did you get in the others?

"A. About $40.00.

"Q. What did you do with this money?

"A. Drank it, and spent it on the car."

The court inquired of defendant's counsel if there were anything he wished to say, to which he replied, "I have nothing to say except I assume any sentence would place the defendant on the Youth Conservation Commission." The court then sentenced relator to the Youth Conservation Commission until from thence discharged by due course of law or competent authority.

Under the authority of Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837; and Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148, relator seeks an evidentiary hearing in support of his petition. However, the facts upon which these decisions are based are not similar to the facts of this case. In Townsend v. Sain, *supra*, it was held that where a fact dispute is shown by a petition for habeas corpus, the petitioner is entitled to an evidentiary hearing if he has not already had one. That case involved a claim that a confession given by a mentally defective drug addict was involuntary. Fay v. Noia, *supra*, established that conventional notions of finality in criminal litigation are no longer applicable to habeas corpus proceedings where infringement of constitutional rights is alleged. In the Fay case there was a coerced confession. In Sanders v. United States, *supra*, it was held that petitioner did not have the right to appear and be heard as a matter of course, but that the court had discretion to determine whether the claim was substantial. In the Sanders case the defendant had been prosecuted and sentenced without benefit of counsel.

We gather from relator's petition and his brief on appeal that the

thrust of the claim he now makes with respect to the robbery conviction is that he was not informed of the nature of the charge placed against him nor the consequences of his plea. It is clear from the transcript, however, that relator was informed by his counsel and others that the information filed against him charged him with robbery in the first degree, and that when he appeared with his own counsel on October 13, 1949, he advised the court that he desired to withdraw his plea of not guilty and enter a plea of guilty, which was accepted by the court after his attorney advised the court that he had talked to defendant. This court stated in a recent opinion, State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 241, 126 N. W. (2d) 646, 650:

"* * * We conclude that a mere failure to read the information, where no prejudice is shown, is likewise a nonjurisdictional defect."

We are unable to find any prejudice in the record here from the failure to read the information. Furthermore, the transcript of the examination by the court on November 17, 1949, immediately prior to relator's being sentenced shows clearly that he knew he was charged with robbery of the Terbay Grocery Store and that he was not misled in any way. He indicated clearly that he understood what both informations were all about.

Nor is there merit to relator's claim that he was not informed of the consequences of his pleas to both charges. He hired counsel of his own choice and there is nothing in the record to indicate that he did not fully consult with him. Where court-appointed counsel represents a defendant, it is presumed that his counsel advised him of his rights and the consequences that would follow a plea of guilty or not guilty. State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State ex rel. Peterson v. Tahash, 260 Minn. 192, 109 N. W. (2d) 328; State ex rel. Alm v. Tahash, 261 Minn. 242, 111 N. W. (2d) 458. Where the defendant selects and retains counsel, the state is relieved from the obligation of seeing that defendant has the effective assistance of counsel. Davis v. Bomar (6 Cir.) 344 F. (2d) 84; Schlette v. California (9 Cir.)

284 F. (2d) 827, certiorari denied, 366 U. S. 940, 81 S. Ct. 1664, 6 L. ed. (2d) 852. In the Schlette case it was stated (284 F. [2d] 836):

"* * * The law is well settled that dissatisfaction with one's counsel in retrospect is not the same as the deprivation of the right to counsel within the meaning of the due process clause."

In Davis v. Bomar, *supra,* the court discussed the question at length, quoting from United States ex rel. Darcy v. Handy (3 Cir.) 203 F. (2d) 407, as follows (344 F. [2d] 87):

"When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel."

The reasoning of the Davis case fully meets relator's contention that his lawyer, now deceased, did not advise him of the charges in the informations filed against him or the consequences of his pleas of guilty.

Under the authorities cited, we conclude after careful scrutiny of the entire record before us that there is no merit to any of the contentions raised by relator on this appeal. We are convinced by the record that he knew the nature of the charges placed against him; that he voluntarily entered pleas of guilty; and that he did so after he had talked with counsel of his own choice before arraignment and sentencing. We find no irregularity in the proceedings that would warrant a writ of habeas corpus.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at

the time of the argument and submission, took no part in the consideration or decision of this case.