## STATE v. ORLO HEMSTOCK.

150 N. W. (2d) 562.

May 5, 1967—No. 40,404.

*C. Paul Jones*, State Public Defender, and *Jonathan Lebedoff*, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, Assistant County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

Defendant was charged by information with the crime of burglary under Minn. St. 609.58, subd. 2(3). It was alleged in the information that "on or about the 11th day of October A. D. 1965, at the Village of Minnetonka, in said Hennepin County, Minnesota, [he] then and there being aided, advised and conspiring with one Richard Peterson, did wilfully, unlawfully, wrongfully, knowingly, feloniously and burglariously enter that certain trailer-house * * * with intent to commit a crime therein, to-wit: theft * * *." He appeared in court for arraignment with his own attorney, Gerald M. Singer of Minneapolis, a former assistant Hennepin County public defender, and entered a plea of guilty. A presentence investigation was ordered and thereafter he was sentenced to the State Prison for a term of not to exceed 5 years.

This appeal raises only the question of whether defendant entered a plea of guilty under a misapprehension of his legal rights. He claims that certain property was recovered from his home by an unlawful search and seizure and that his plea of guilty was based upon the assumption that such evidence could be used against him.

Ordinarily, a matter of this kind may not be raised for the first time on appeal. There has been no application to the trial court to vacate the judgment and to permit defendant to withdraw his plea of guilty. The facts are almost identical to State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258, involving a confession which it was alleged had been illegally obtained. In that case we remanded the case to the district court for an evidentiary hearing on the issue of whether defendant had actually entered a plea of guilty under a misapprehension of his rights.

In this case there would be no purpose in remanding the case to the trial court. An examination of the record shows that defendant, represented by competent counsel of his own choosing, was fully advised of his rights and voluntarily entered a plea of guilty thereafter. Not only

does the record support this conclusion but an affidavit of the attorney who represented him states that the matter of an unlawful search and seizure was fully discussed with him before he entered his plea of guilty, so there could be no misapprehension on that ground. Even assuming there was an unlawful search and seizure, the evidence obtained was not used in a trial since with full knowledge of his rights defendant entered a plea of guilty. Ordinarily such plea admits the essential elements of the crime. We have so frequently discussed cases involving similar situations that we see no object in prolonging this opinion. See, State ex rel. Rankin v. Tahash, 276 Minn. 97, 149 N. W. (2d) 12.

Affirmed.