STATE EX REL. RICHARD J. TURNER, SR. v.
RALPH H. TAHASH.

156 N. W. (2d) 904.

March 1, 1968—No. 40,712.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Gallagher, JJ.

NELSON, JUSTICE.

Appeal by defendant from an order of the District Court of Washington County discharging a writ of habeas corpus.

An information was filed on April 6, 1965, in St. Louis County District Court charging defendant with indecent assault in violation of Minn. St. 617.08. He was arraigned and entered a plea of not guilty the same day, being represented by court-appointed counsel, Mr. A. Charles Olson. Mr. Olson then moved for a psychiatric examination and this motion was granted. Defendant was subsequently committed to Moose Lake State Hospital and was discharged therefrom on August 24, 1965.

On October 5, 1965, defendant appeared in district court with his counsel and entered a plea of guilty to the charge of indecent assault. Prior to accepting the plea of guilty, the trial court examined defendant at great length with regard to its voluntariness. He was asked whether he understood the nature of the charge against him, whether he had discussed the determination to plead guilty with his counsel, and whether he was satisfied with the services of his counsel. Defendant answered all of these questions in the affirmative and also stated that he was pleading guilty of his own free will and that no threats or coercion induced his plea of guilty.

The court before sentencing questioned defendant regarding his background and events concerning the crime and inquired into a previous conviction in the State of Iowa. The court also granted defendant the right of allocution before adjudging defendant guilty. He was sentenced to the commissioner of corrections for not more than 5 years.

On December 9, 1966, defendant filed a petition for a writ of habeas corpus in the Washington County District Court. A writ was issued and an evidentiary hearing was held on December 22, 1966. Defendant was sworn and examined at length by Ronald Haskvitz, assistant public defender, appearing in defendant's behalf, and by the assistant solicitor general, Gerard W. Snell, in behalf of the state. No other witnesses appeared to testify in defendant's behalf.

The legal issues raised by defendant in the habeas corpus proceeding are whether his rights under the Fifth and Sixth Amendments to the United States Constitution were denied when he was interrogated by police officers while in a state of intoxication, without the presence of counsel, and without being advised of his right to remain silent; and whether he was denied his right to effective assistance of counsel when his plea of guilty was induced, as he alleges, by a statement of court-appointed counsel that his wife would testify against him if he did not plead guilty and by the alleged failure of his counsel to inform him of the possible inadmissibility of his pretrial statements. The habeas court found that defendant failed to prove these claims. The question before us is whether on the evidence before it

the Washington County District Court properly ordered the writ of habeas corpus discharged. We conclude that it did.

Defendant failed to make any clear showing at the habeas corpus hearing that he had made an incriminating statement at his interrogation; that such alleged statement was illegally obtained; that he was threatened with the use of such statement; or that he thought it could be used against him. He had been represented by counsel throughout all the proceedings relating to the charge against him. At the habeas hearing, when questioned by the court he reaffirmed that he had had full opportunity to consult with his counsel, that he had understood the nature of the charge against him, and that no threats or promises had been made to him to induce his plea. He also reaffirmed that he was guilty of the offense to which he had pled guilty.

When asked by the assistant public defender at this hearing whether he was influenced to plead guilty by the advice of his court-appointed counsel that incriminating statements he had made at interrogation would be used at the trial, defendant responded by saying, "Well, I didn't know if I made a statement or not because I was really under the influence of alcohol. I was drunker than heck." Defendant relies solely on this testimony for his claim that his plea was induced by the misapprehension that statements made during his interrogation would be used against him, but the foregoing testimony does not in any way substantiate defendant's claim. This court recently stated in State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691, that an illegally obtained confession may invalidate a conviction based on a plea of guilty but that the plea must have been prompted by the existence of the confession. In the instant case defendant has in no way shown that such confession existed or his plea was prompted by its existence. Defendant merely claims that his counsel told him he had made a statement to two detectives, but the contents of this alleged statement appear nowhere on the record of the sentencing or of the habeas proceedings.

In view of the foregoing facts, it would appear that any further discussion of legal issues involving an allegedly illegal confession would

serve no purpose. It is sufficient merely to say that defendant has not proved that he made a confession. He testified, however, in both the sentencing and habeas courts that he committed the crime with which he was charged and further testified that he was not induced to enter his plea of guilty by either threats or promises. The presumption of regularity which attaches to the judgment of the sentencing court (State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. [2d] 657) has in no way been overcome by defendant in his attempt to meet his burden of proving his allegations relating to a coerced plea. We are bound to reach the conclusion also that defendant has not met his burden of proving his allegation that he was in part induced to plead guilty on the basis of an alleged assertion by his court-appointed counsel that if he were to plead not guilty his wife would testify against him. No evidence supporting this allegation was offered either in the sentencing court or at the habeas proceedings. As we said in State v. Lund, 277 Minn. 90, 92, 151 N. W. (2d) 769, 771:

"* * * Defendant's entire argument on this issue is based upon mere supposition and possibility. It has never been held by this court that mere conjecture is grounds for overturning an otherwise valid and proper conviction, and this would be especially true where the conviction is based upon a person's fully informed, voluntary plea of guilty."

We have held that before an indigent can assert that he was denied due process because of incompetence of his court-appointed counsel the representation must be so incompetent as to render the trial a farce, sham, or mockery of justice. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785. This court recently stated that to establish a denial of effective assistance of counsel there must be a strong showing of both incompetence and prejudice. State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768.[1]

---

[1] See State ex rel. Moriarty v. Tahash, 261 Minn. 426, 112 N. W. (2d) 816; State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785; and State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691, on the controlling presumption that court-appointed counsel advised his client in good faith of his rights in entering a plea of guilty or not guilty.

The record is clear that defendant was represented by counsel from the time of arraignment until after sentencing and that defendant stated to the sentencing court that he was satisfied with such counsel. Defendant made no showing at his habeas corpus hearing that any of the standards for determining competency of counsel had been violated. We thus must reach the conclusion that he received effective aid and representation by his court-appointed counsel.

In the light of the cautious and lengthy examination of defendant before his plea of guilty was accepted and of his testimony at the full hearing he was accorded in the habeas corpus proceeding, we must conclude that defendant entered his plea of guilty with a full understanding of his rights and that such plea was not induced by any threats or promises.

The order of the trial court must be affirmed.

Affirmed.