PATRICK GERALD RYAN v. STATE.

172 N. W. (2d) 751.

December 5, 1969—No. 41473.

*C. Paul Jones*, State Public Defender, and *Robert E. Oliphant*

and *Roberta K. Levy,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court denying defendant's petition for postconviction relief.

Defendant was charged in an information with forgery in the second degree contrary to Minn. St. 1961, §§ 620.10 and 620.19, which was alleged to have occurred on April 11, 1961. He was arraigned in the district court on November 1, 1961, at which time counsel was appointed to represent him. A plea of not guilty was entered on his behalf. He again appeared in the district court on November 7, 1961, and then pleaded guilty. He also pleaded guilty to two prior felony convictions with which he was charged under the recidivist statutes then in force. He was sentenced to an indeterminate term in the State Prison not to exceed 20 years. He is now on parole.

Defendant contends: (1) The information to which he pleaded was fatally and prejudicially defective; (2) he was denied the effective assistance of counsel.

1. The claim that the information was defective was based upon our decision in State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577. The opinion upon which defendant relies was specifically overruled in State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857. The information in this case was adequate in the sense that the offense charged was stated with such a degree of certainty as to enable the court to pronounce judgment upon the conviction according to the right of the case. Minn. St. 628.18.

2. The record of the proceedings at the time of the plea of

guilty of November 7, 1961, shows the following examination by defendant's attorney:

"Q. Mr. Ryan, you and I talked about this charge of Forgery in the Second Degree which has been brought against you, did we not?

"A. Yes.

"Q. And I advised you and I know that you know that the penalty for that offense could be nothing to ten years in a penal institution, and by reason of a prior conviction, if the Court felt it proper, he could sentence you according to law and you could be held for nothing to twenty years. You understand that?

"A. Yes."

Nothing in the transcript of the plea of guilty or of the sentencing indicates a lack of understanding on defendant's part concerning the possible penalty for the offense in view of the Habitual Offender Act then in force, Minn. St. 1961, § 610.28, repealed by L. 1963, c. 753, art. 2, § 17. The record demonstrates that defendant discussed the case with his court-appointed counsel; that he was advised he was entitled to a jury trial; and that he was advised he would be presumed innocent until proved guilty beyond a reasonable doubt. In these postconviction proceedings, the district court was justified in concluding that the plea was entered voluntarily; that no threats or promises had been made of any kind to induce defendant to enter the plea; and that under the facts as disclosed defendant was guilty as charged.

The right to assistance of counsel carries with it, of course, the requirement that consultation with counsel be sufficiently adequate to inform the accused of his rights. State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N. W. (2d) 867. We are satisfied from the record that court-appointed counsel in this case consulted with the defendant and advised him of his rights in entering a plea of guilty. See, State ex rel. Moriarty v. Tahash, 261 Minn. 426, 112 N. W. (2d) 816.

Affirmed.