BESSIE GOGGLEYE v. STATE.

178 N. W. (2d) 737.

June 26, 1970—No. 41800.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *John C. Arko,* County Attorney, and *James J. Bang,* Assistant County Attorney, for respondent.

---

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson; and Frank T. Gallagher, JJ.

PER CURIAM.

On this appeal from an order of the district court denying a petition for postconviction relief, the question is whether the trial judge erred in failing to vacate a plea of guilty to the crime of murder in the third degree accepted by the district court on April 1, 1966. Appellant was sentenced according to law (0 to 25 years) on April 21, 1966, and has since been confined at the State Reformatory for Women at Shakopee, Minnesota.

It is argued that the plea of guilty was not entered voluntarily because:

(a) The appellant, a Chippewa Indian with a sixth-grade education and limited intellectual comprehension, entered her plea without the benefit of an interpreter although she was represented by counsel.

(b) Confessions were obtained from appellant in violation of her constitutional rights.

(c) Appellant entered her plea of guilty without any understanding of her constitutional rights or because of the erroneous belief that the confessions taken from her could be used against her as evidence.

We are satisfied that the facts presented in the postconviction proceedings justified and probably required a finding that appellant entered her plea of guilty because she killed her sister-in-law, Emma Goggleye, without justification. Advised by competent counsel, she requested and was allowed to plead guilty to murder in the third degree rather than the original charge of murder in the second degree. While her ability to understand English was limited, it was, in our opinion, adequate to enable her to understand the nature and effect of her plea. The confessions appear to have been given voluntarily under the applicable standards. There is no adequate basis to hold that her plea was entered only because of an erroneous belief that the confessions could be used against her. There is nothing in the record to support a claim that acceptance of the plea resulted in an injustice, manifest or otherwise. See, Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698; State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691.

Affirmed.