## STATE v. RUSSELL GEORGE AHLSTRAND.

179 N. W. (2d) 170.

July 31, 1970—No. 41483.

*C. Paul Jones,* State Public Defender, and *Rosalie Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *John C. Arko,* County Attorney, and *Jerome G. Arnold,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

This is a direct appeal from a judgment of conviction for the crime of unauthorized use of a motor vehicle in violation of Minn. St. 609.55.

The record shows that defendant, then aged 17, was arrested in the city of Duluth on the afternoon of October 11, 1967, while driving a 1966 Corvair automobile owned by Edward R. Grierson of Eveleth, who had reported it stolen the previous evening; that on October 20, defendant appeared before the juvenile court of St. Louis County accompanied by his mother and stepfather, his natural father (who appeared in the custody of a corrections officer from the Minnesota State Prison), and his appointed

counsel, the assistant public defender of St. Louis County. At this hearing, defendant, through his counsel, waived his right to a "referral hearing." Upon findings by the juvenile court that defendant was not suitable for treatment as a delinquent, the juvenile court, pursuant to Minn. St. 260.125, referred defendant for criminal prosecution as an adult. Prior thereto and shortly after his arrest, he had been interrogated by police officers and, orally and in writing, had admitted that he had escaped from the Youth Conservation Commission Reception and Diagnostic Center at Lino Lakes, where he was being held in custody, and that he in fact had taken the 1966 Corvair automobile in Eveleth and was driving it in Duluth when he was arrested. On November 14, an information was filed charging defendant with a violation of § 609.55, and a plea of not guilty was entered. Upon his motion to suppress the oral and written confessions, a hearing was held on November 16 at which the interrogating officers testified. The court, upon comprehensive findings of voluntariness, denied defendant's motion.

The evidence clearly supports the court's findings that "Miranda" warnings of his constitutional rights were read to defendant before questioning; that he acknowledged that he understood "his rights" and expressed a suspicion that he might be "going to district court"; and that at no time did he request representation by counsel during the questioning and was not in any way improperly induced to confess. However, he was questioned alone in the presence of four police officers, two of whom were assigned to the juvenile division of the Duluth Police Department, and no affirmative effort was made to secure the presence of his parents, custodian, or defense counsel. Although he was advised that his statements and his written confession might be used against him, he was not specifically informed that they might possibly be so used in criminal proceedings before the district court. On December 5, defendant withdrew his not guilty plea and entered a plea of guilty. His plea was accepted, he was adjudged guilty of the charge, and, following a presentence in-

vestigation, he was sentenced on December 21 to 3 years in the custody of the Youth Conservation Commission.

In this direct appeal from the judgment of conviction, defendant challenges the admissibility of his oral and written confessions upon the claim of denial of fundamental rights. In view of the policy of special handling of juveniles expressed in §§ 260.011 and 260.171 and a child's presumed immaturity, we are urged to adopt the rule announced in Harling v. United States, 111 App. D. C. 174, 295 F. (2d) 161, that any inculpatory statements made by a juvenile while in custody prior to the time the juvenile court waives its jurisdiction and orders a reference should be excluded from evidence in subsequent criminal proceedings. Claiming that his guilty plea was induced by the confessions obtained by the police officers, defendant argues that as a juvenile he was not competent to intelligently and voluntarily waive his right to remain silent without the assistance of counsel or other adult acting in his best interests at the time of the interrogation, and that the circumstances surrounding his interrogation and the eliciting of his confessions violated due process of law, requiring a vacation of the judgment and a trial with his confessions excluded from evidence.

Although we are by no means heedless of the necessity for special precautions in the custodial interrogation of juveniles concerning acts of delinquency later prosecuted as a crime in district court, as revealed by Harling and alluded to in other cases,[1] the questions sought to be presented by defendant are simply not raised by this record. Even if we were persuaded to address our-

---

[1] See, also, In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. ed. (2d) 527; Kent v. United States, 383 U. S. 541, 86 S. Ct. 1045, 16 L. ed. (2d) 84; Harrison v. United States, 123 App. D. C. 230, 359 F. (2d) 214; State v. Biron, 266 Minn. 272, 123 N. W. (2d) 392; State v. Shaw, 93 Ariz. 40, 378 P. (2d) 487; and Standards for Specialized Courts Dealing with Children, Children's Bureau, Department of Health, Education and Welfare, pp. 38-39, quoted in Harling v. United States, 111 App. D. C. 174, 295 F. (2d) 161.

selves to the problem and were to conclude that the court erred in refusing to exclude defendant's confessions, our opinion would be advisory only, for he nevertheless would not be entitled to relief. Contrary to his assertions, there is no basis for defendant's claim that the existence of the confessions or the ruling of the court induced his plea of guilty. In fact, the record refutes such claim. In tendering his plea of guilty, defendant supplied the court with a detailed and complete factual basis for its acceptance. He acknowledged his understanding of his rights (including the right to appeal from the court's refusal to suppress his confessions), the nature of the charge, and the possible sentence. In answers to questions by the court addressed to defendant personally, he explicitly affirmed that his plea was not contingent upon the facts that he had confessed or that his confessions had been ruled admissible, but that he tendered his plea because he was "actually guilty," and he unequivocally admitted that he "committed" the offense charged. Moreover, because he was arrested in the act of committing the offense, eyewitness testimony upon trial would, under the prosecutor's proper evaluation of the evidence of guilt, render his confessions superfluous.

In cases such as this, where the defendant's claims are categorically refuted by the record of the proceedings resulting in his conviction upon a plea of guilty, we have consistently held that an affirmance is required by a reviewing court, both upon a direct appeal (e. g., State v. Hemstock, 276 Minn. 457, 150 N. W. [2d] 562) and upon an appeal from a denial of postconviction relief (e. g., Brown v. State, 286 Minn. 472, 176 N. W. [2d] 605). Because the evidentiary basis supporting defendant's claim and argument is utterly lacking, the issue of the voluntariness of his confessions is immaterial, and thus the record necessarily renders moot any attack upon claimed procedural deficiencies or the rulings of the trial court made prior to the tender and acceptance of his valid plea of guilty. State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691.

While we have declined to render an advisory opinion on the questions sought to be raised by defendant, our acknowledgment of the vexatious nature of the problem has prompted us to summarize defendant's arguments and to refer to some of the authorities bearing on the matter, without, however, intending to intimate what our decision would be when presented with the problem confronting the Harling court.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.