STATE v. WILLIAM FAY.[1]

January 16, 1903.

Nos. 13,117—(17).

## Continuance.

Continuances in criminal, as well as in civil cases, are commonly declared to be within the discretion of the trial court, and subject to review only for an abuse of this discretion. A continuance should not be granted upon the verbal statements of counsel that it is necessary, or upon the mere suspicion that absent witnesses may be needed at the trial. A substantial reason for a continuance must be properly shown.

## Same—Discretion of Court.

Held, that there was no abuse of the discretion of the court below when it denied a motion for continuance made at the beginning of the trial of a criminal offense.

## New Trial—Surprise.

Held, that upon the showing made the court properly denied a motion for a new trial, based upon the claim that counsel were surprised by the testimony of one of the witnesses for the state, and also upon the ground of newly discovered evidence.

[1] Reported in 92 N. W. 978.

Appeal by defendant from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial, after a trial and conviction of the crime of swindling. Affirmed.

*E. E. McDonald,* for appellant.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for the State.

COLLINS, J.

Evans, Cartney, and Fay, this appellant, were jointly indicted under the provisions of G. S. 1894, § 6595, the day of the offense being fixed on October 26, 1901. The latter demanded a separate trial, and stands convicted. Upon appeal several points are made by his counsel, and such of them as are deemed worthy of mention are taken up seriatim.

1. It is contended that the court below abused its discretion by refusing defendant's motion for a continuance, made at the beginning of the trial. Before any testimony was received, his counsel stated to the court that they were advised that another indictment, charging the commission of a similar offense by these same men on October 16, 1901, had been returned by the grand jury, and that it was the purpose of the prosecution to put the principal witness in that case upon the stand in the trial of this. They asked for a continuance for the stated purpose of procuring the depositions of witnesses in that city that all three of the indicted men were in Chicago on October 16. The prosecuting attorney then stated to the court that the only witness who would testify as to the presence of Evans, Cartney, and Fay in St. Paul on October 16 was one Joseph Close. The court thereupon ordered that the state proceed with the case. The rule is that continuances in criminal as well as in civil cases are commonly declared to be within the discretion of the trial court, and subject only to review for an abuse of this discretion, and we fail to see wherein there was the slightest approach to an abuse in this case. Continuances should not be granted upon the verbal statements of counsel, made as were those in question, or upon the mere suspicion that absent witnesses may be needed at the trial. A substantial reason for a continuance must be properly shown.

2. It is urged that the verdict was not justified by the evidence. The testimony in this case did not vary in any substantial way from that considered by us in State v. Evans, supra, page 262, except that here the witness Close, above referred to, testified in behalf of the state that he saw Evans, Cartney, and Fay together in the city of St. Paul upon October 16, ten days before the day named in this indictment. As said in the opinion in the Evans case, the testimony was abundant to warrant the conviction of each and every one of these persons; and this is true if we entirely disregard the testimony of Close, who did not testify upon the trial of Evans.

3. One of the grounds upon which the motion for a new trial was based was alleged surprise at the trial, which ordinary prudence could not have guarded against or met; and another was newly discovered evidence, material and pertinent to the defendant's case and the issues involved, which he could not have discovered with reasonable diligence and have produced at the trial. Both grounds are urged on this appeal.

The surprise mentioned resulted, so counsel alleges, from the testimony of Close to the effect that he met these three men together in St. Paul on October 16, and also his further testimony that they were then engaged in a swindling trick with himself as the victim. When the state rested, Close had not been called as a witness. For the defense Fay and his wife both testified that he was in Chicago on October 16, and did not reach St. Paul until October 20, several days thereafter. To impeach these two persons, Close was called, and his testimony was that he saw Fay with Evans and Cartney near the Union Station in St. Paul on the afternoon of October 16. No attempt was made to show what they were doing, or that they were engaged in the commission of any crime. Close merely testified that he met Evans near the Union Station, walked with him a short distance, then met Fay, and the three walked on a block or two, and then met Cartney. All of the testimony as to what took place and as to the swindling trick perpetrated upon Close at that time was brought out upon cross-examination by defendant's counsel, and for this it is obvious that they were alone responsible. If the testimony was

detrimental to their client, the prosecution was not to blame, nor can defendant profit by its introduction. From what took place at the beginning of the trial it appears that the defense fully understood that the witness Close might be put upon the witness stand for the purpose of impeaching Fay should he testify that he did not arrive in St. Paul prior to October 20, and therefore there ought not to have been any surprise whatever when Close so testified. Again, when counsel for the state questioned Fay as to his having met Close on October 16, and the question was objected to, defendant's counsel practically admitted that Close's testimony upon this point would be admissible as impeaching, and made no suggestion of surprise. The court committed no error in this regard.

The affidavits of four different men were presented to the court in support of the claim that a new trial should be granted because of newly discovered evidence, all purporting to have been made in Chicago before the same notary. The same form of affidavit was used for three of these men,—Steve Bennane, James Holmes, and Charles Markstahler. As showing the peculiar character of these instruments, each one dated November 22, 1901, we give that of the man first above mentioned, as follows, omitting the formal parts:

"Steve Bennane, of the city of Chicago, county of Cook, and state of Illinois, being duly sworn, doth depose and say that he met and conversed with William Fay in the city of Chicago, state of Illinois, on the 16th of October, 1901, the same man who is now under arrest in St. Paul, Minn. And further this deponent says not. Steve Bennane."

It will be noticed that the places of residence in Chicago of these three affiants were wholly omitted from their affidavits, and not the slightest opportunity was presented thereby to ascertain where they live, or who they are, or what credit should be given to their statements. It is also true that they say that the Fay with whom they conversed on October 16 was under arrest in St. Paul at the time their affidavits were made. How they know this is not shown, nor is there a single thing to identify the Fay men-

tioned by them as this defendant. Such affidavits should be scrutinized with great care in any court of justice.

There was another affidavit, made by one Wm. Zettwoch, which was of the same general nature, and nearly as unsatisfactory. It did, however, give his street and number of his residence in the city of Chicago. At the trial, as we have stated, Fay and his wife testified that he was not in St. Paul on October 16, and, as a consequence, that he was not in company with Evans and Cartney on the sixteenth. An issue was made on this by the testimony of Close. But the defense failed to call upon this point either of three witnesses within reach, namely, Evans and his wife and Cartney, all of whom knew whether these three men were in St. Paul as claimed by Close. The proposed evidence was cumulative, —that is, additional evidence of the same kind, and to the same point, as that given on the first trial. For this reason, if there was no other, the motion was properly denied.

Order affirmed.