## STATE EX REL. STANLEY EDWARD DEHNING
### v. DOUGLAS C. RIGG.

86 N. W. (2d) 723.

November 29, 1957—No. 37,172.

*Joseph Robbie,* for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order discharging a writ of habeas corpus. It appears from the record that Edward Dehning was arrested in Arizona prior to August 24, 1955, on a charge of willfully, unlawfully, wrongfully, and feloniously deserting and failing to support a wife while she was pregnant, with intent to wholly abandon her. He waived extradition and was returned to Marshall, Minnesota, and there imprisoned. On September 14, 1955, Dehning appeared before the district court on an application to plead guilty. His uncontradicted testimony is that, when he was brought into the courtroom, the county attorney introduced him to an attorney and stated that such attorney was to represent him. This attorney talked to him for about ten minutes and advised him to plead guilty. This was, according to his uncontradicted testimony, the first and only time that he had an opportunity to consult with an attorney in regard to his case. Apparently in compliance with the attorney's advice, he entered a plea of guilty to the charge. In any event, before sentence was imposed he was brought before the bench. The only inquiry made by the court of Dehning with respect to the elements of the crime he was charged with is as follows:

"Q. And when you left Thurley on February 26th of this year, while she was pregnant, you intended to abandon her?

"A. I don't know, Your Honor, whether I intended to abandon her or not. We had been in a big argument, been arguing for a week. When I left that morning I was going to Minneapolis to see if I could raise some money to keep the business going. It was a slack season and there just wasn't anything doing; and when I left she said that if I left and went to Minneapolis that day, I didn't have to come back. The more I thought about it the madder I got. I got drunk and kept going."

Following this discussion before the court, he was immediately sentenced to be imprisoned in the state prison where he has since been confined.

On November 23, 1956, petitioner obtained a writ of habeas corpus from the District Court of Washington County. Thereafter, a hearing was held before that court on December 10, 1956. The court concluded

that petitioner was lawfully confined and restrained in the Minnesota State prison, and it issued an order discharging the writ. It is from that order that petitioner appeals to this court.

We need not go into detail with reference to all of the issues raised by petitioner. It is our opinion that, *after* his plea of guilty and *before* he was sentenced, when he answered the court, "I don't know, Your Honor, whether I intended to abandon her or not," that answer indicated that he did not know, or at least was in doubt, whether he was guilty of an intent to abandon his pregnant wife, which was one of the major elements of the crime charged in the information. Under those circumstances, his plea of guilty, qualified as it was, should not have been accepted. At that stage of the proceeding, before sentence was imposed, petitioner's attorney, in view of his client's inconsistent statements, should have intervened and asked the court for additional time for a consultation with his client in order to try to ascertain whether his conduct justified a plea of guilty and also to fully inform him of his legal rights. The attorney having failed to do that, the court, on its own initiative, should have instructed petitioner's attorney to have another consultation with his client and to inform him that, because of the doubt he expressed as to his intent, he could change his plea and have a jury trial if he so desired.

Minn. Const. art. 1, § 6, provides that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel in his defense, and Minn. Const. art. 1, § 7, provides that no person shall be held to answer for a criminal offense without due process of law. The right to assistance of counsel obviously carries with it the requirement that consultations with counsel be sufficiently adequate to at least inform the accused of his legal rights. Where the plea of the accused and his subsequent inconsistent statements before sentence indicate, as here, that the consultation between the accused and his attorney was inadequate, further opportunity should be given for consultation before sentence is imposed. The purpose of the right to counsel is to protect the accused from a conviction resulting from his own ignorance of his legal and constitutional rights. State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99. That right cannot be nullified by the appointment of counsel who merely furnishes perfunctory or casual

representation. The accused is entitled to be advised as to all his legal rights under the law and facts involved, including the right to require the state to prove every material allegation of the offense charged.

In our opinion the representation given the accused under the record here was so inadequate as to constitute a deprival of due process and render the court without jurisdiction to proceed with the arraignment. The issue was therefore properly raised in the habeas corpus proceeding.

Therefore the trial court's order discharging the writ of habeas corpus is reversed and the writ reinstated.

Petitioner is remanded to the custody of the sheriff of Lyon County, Minnesota, for such further proceedings as the local authorities of said county may consider proper in accordance with this opinion. See, 25 Am. Jur., Habeas Corpus, §§ 152, 153; 39 C. J. S., Habeas Corpus, § 102. See, also, State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N. W. (2d) 234.

Mr. Chief Justice Dell took no part in the consideration or decision of this case.