## STATE EX REL. IVAR NYRUD v. RALPH TAHASH.

115 N. W. (2d) 344.

May 18, 1962—No. 38,355.

*Joseph Robbie,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

OTIS, JUSTICE.

This matter is before the court on an appeal from an order of the District Court of Washington County, dated November 28, 1960, denying without a hearing relator's petition for a writ of habeas corpus.

It appears from the transcript that on June 15, 1956, Ivar Nyrud was arraigned in the District Court of St. Louis County and charged with having abandoned his minor child, Jerome Nyrud, on March 22, 1954, in violation of Minn. St. 617.55. The record indicates that relator was represented by counsel who informed the court that relator was under doctor's care and had been arrested "just as he came out of the hospital." At that hearing a plea of not guilty was entered and bail was set at $2,000, which relator was unable to post.

The next appearance by relator was on July 12, 1956, when he was represented by another attorney. The relator was again arraigned and advised the court he wished to enter a plea of guilty, at which point his counsel stated to the court, "This is the first time I saw him just a moment ago," in response to which the following colloquy occurred:

"THE COURT: What is the penalty?

"MR. ODDEN: 5 years.

"THE COURT: Your age is—

"DEFENDANT: (Interrupting) 32.

"THE COURT: 32. Stillwater and not St. Cloud."

Thereupon the court committed the relator to a term of 5 years in the State Penitentiary and suspended the sentence with this observation about relator, among others:

"If what they tell me is true, if 25 percent of the liver is inactive, he can't hold a job."

Some time later relator's probation was revoked and he was committed to prison where he is presently confined.

While the circumstances here are unlike those in State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, and State ex rel. Grattan v. Tahash, 262 Minn. 18, 113 N. W. (2d) 342, in that nothing in the record other than his initial plea suggests that at either

arraignment relator recited facts or asserted claims inconsistent with a plea of guilty, which would have required the trial court to refuse the plea, we are of the opinion that the petition for a writ of habeas corpus should not have been denied without a hearing. We cannot overlook the fact that if the record is accurate relator was originally brought directly from the hospital to the court; that he had been unable to post bail and was confined in jail with no prospect of a trial between June and September; that he was suffering from a serious physical disability; and that he had conferred with counsel but a moment before changing his plea.

The committing court elicited none of the pertinent facts required by §§ 640.10 and 640.21 prior to sentence. The matter is therefore remanded with directions that the trial court conduct a hearing on the petition to afford relator and his witnesses an opportunity to testify with respect to the adequacy or inadequacy of the legal counseling he received at the time of his second arraignment.

Reversed and remanded with directions.