## STATE v. ROY FRANKLIN BELL.

146 N. W. (2d) 597.

July 8, 1966—No. 39,416.

*Joseph A. Rheinberger,* for appellant.

---

[1] See, also, Panzram v. O'Donnell (D. Minn.) 48 F. Supp. 74.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

PER CURIAM.

The defendant appeals from a judgment of conviction for the offense of third-degree burglary. Minn. St. 1961, § 621.10. He asserts error in the trial court's denial of a continuance to allow him to secure a witness to testify in his behalf, and further on the ground that he was prejudiced because the attorney who defended him also represented a codefendant who had entered a plea of guilty.

From the transcript it appears there was evidence from which the jury could find that during the early morning hours of July 23, 1963, police officers of the city of Minneapolis received a radio communication that a burglary was being committed at a filling station in south Minneapolis. Three officers of the police department immediately went to the filling station at the address given. The station had large glass windows and was well lit within. The police officers saw the defendant, Roy Franklin Bell, and one Grover Dickson inside the building, proceeding to the rear door. Both Dickson and Bell were caught in the act of attempting to remove certain property from the premises. As he was leaving the rear door, defendant dropped a bag and ran, but was quickly apprehended. The bag contained cigarettes and wrenches identified as property of the filling station. The codefendant Dickson was carrying a large power drill and also had in his possession rolls of coins and some currency which he surrendered to the police officers. A metal currency box and money were found scattered about the premises. The cigarette machine and cash register were open. An automobile belonging to Dickson was parked nearby and contained a number of automobile tires, wrenches, and cigarettes, identified as property taken from the station. Bell's defense was that he was present on the premises in response to a telephone call from Dickson. Dickson testified that when he was about to leave the premises, he could not locate the key to his car and that he called the defendant and asked him to come and give him a lift. It was not clear how the defendant arrived at the premises since no automobile belonging to him

was found in the area. There were other participants in the offense whose names were not brought out at the trial.

■ The defendant contends that during the trial he wanted to have a continuance so that a witness, one James E. Wofford, could be made available to testify in his behalf. There was no showing at the trial as to what Wofford's testimony would be. The record indicates that Wofford had previously been interviewed by the defendant's personally retained lawyer, and it may be assumed that if Wofford's testimony had value to the defendant, arrangements would have been made for his presence at the trial. The objection raised may be disposed of by briefly noting that continuances in criminal as well as in civil cases are commonly within the discretion of the trial court, subject to review only for an abuse of discretion. There is no evidence in the record that a substantial reason for a continuance was submitted to the trial court. State v. Fay, 88 Minn. 269, 92 N. W. 978.

■ There is no merit to the defendant's assertion that he was denied due process by reason of the fact that his attorney also represented the codefendant Dickson, who had entered a plea of guilty prior to the defendant's trial. In this case, the defendant was tried separately and was given competent representation by his attorney. The codefendant Dickson testified on behalf of the defendant. There is nothing to indicate that any conflict between the interests of defendant Bell and codefendant Dickson existed, which might have prejudiced Bell. As a matter of fact, codefendant Dickson attempted by his testimony to exonerate defendant. The point which Bell attempts to raise here is fully discussed in the recent case of State v. Robinson, 271 Minn. 477, 136 N. W. (2d) 401.

Affirmed.