## STATE v. MARVIN L. FOX.

159 N. W. (2d) 770.

June 21, 1968—Nos. 40,313, 40,622.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

OTIS, JUSTICE.

Defendant pled guilty on April 19, 1965, to forging the endorsement of a check in violation of Minn. St. 609.625. He appeals from the conviction and from an order denying a writ of habeas corpus.

Because defendant was unconditionally discharged by the Adult Corrections Commission on December 22, 1966, the appeal from the order denying his petition for a writ of habeas corpus is moot and is therefore dismissed. (40622)

As to the remaining appeal (40313), the record is unclear and incomplete. Sometime prior to January 7, 1964, defendant wished to purchase a Ford pickup truck from Rudell Motor Company of Frederic,

Wisconsin. Since his credit was poor, he induced his brother-in-law, one Lyle Burke, to buy the truck in Burke's name. Rudell took a conditional sales contract, which he then assigned to Universal C. I. T. Credit Corporation of Eau Claire, Wisconsin.

In order to get title from Burke, defendant borrowed $1,750 from Northwestern National Bank of St. Paul. The loan was made by a check dated January 7, 1964, and was payable to both defendant and "Ruddel Motors." Defendant endorsed in longhand his name and the name of "Rudell Motor" on the back of the check and deposited it in the Stock Yards National Bank of South St. Paul. That bank then asked defendant to secure the signature of Rudell. Defendant drove to Frederic for that purpose but was unable to locate Rudell. Upon his return, he endorsed the check himself in the following language, "Rudell Motors by Milton Rudell owner of Rudell Motors." The check was redeposited in the Stock Yards National Bank but dishonored by the Northwestern National Bank. Subsequently, defendant claims he made restitution to the Stock Yards National Bank for undisclosed amounts he had drawn on that account. This prosecution followed. Defendant pled guilty and on June 25, 1965, was sentenced to a term of 2 years in prison.

At the habeas corpus hearing defendant sought his release on the ground that he had obtained Rudell's express permission to endorse the check. The court found against defendant on that issue. Nevertheless, we regard as critical another issue which was neither presented to the trial court, the habeas corpus court, nor to this court.

Nowhere in the record is there any showing that Rudell had any interest in, or that he made any claim to, the proceeds of the $1,750 check from Northwestern National Bank. He stated in the record that he expected defendant wanted "to re-finance the truck through his bank" and that if defendant had asked permission to endorse Rudell's name it would have been given so that defendant could "make deposit to pay off the [Burke] contract." When asked if Burke had possibly paid Rudell, defendant responded, "He'd purchased the truck from [Rudell] motors, but [Rudell] motors was already paid for."

If Rudell was named as payee by the Northwestern National Bank only as a precaution because he was a conditional vendor, and Rudell

438

in fact had no right to any of the proceeds, we are of the opinion that defendant should be permitted to withdraw his plea of guilty in order to litigate the question of whether he had the "intent to defraud" required by Minn. St. 609.625, subd. 3, as an element of the crime.[1]

The information alleges that defendant intended to defraud the Stock Yards National Bank, not Rudell. Nevertheless, if Rudell had no interest in the check, his endorsement might ultimately have been secured by legal proceedings instituted for that purpose, resulting in inconvenience and delay to the Stock Yards National Bank but not necessarily any loss. Northwestern National Bank, meanwhile, retained the proceeds of the loan it had agreed to make to defendant, so that the $1,750 check was not dissipated.

The matter is therefore remanded to the sentencing court to give defendant an opportunity to show that Rudell was merely a nominal payee, and, if so, defendant should be granted leave to withdraw his plea of guilty and to stand trial.

Remanded.

[1] State v. Bjornaas, 88 Minn. 301, 92 N. W. 980; Strader v. Haley, 216 Minn. 315, 327, 12 N. W. (2d) 608, 614, 150 A. L. R. 970, 976.

Minn. St. 609.625, subd. 3, provides: "Whoever, with intent to defraud, utters or possesses with intent to utter any forged writing or object mentioned in subdivision 1, knowing it to have been so forged, may be sentenced as provided in subdivision 1."