## MARVIN L. FOX v. STATE.

181 N. W. (2d) 869.

December 4, 1970—No. 42162.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *J. Jerome Kluck,* County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

Appeal from an order of the district court denying postconviction relief.

The factual situation giving rise to this appeal has been before this court in State v. Fox, 280 Minn. 436, 159 N. W. (2d) 770. As a result of that prior appeal from a judgment of conviction of aggravated forgery, this court remanded to give defendant the opportunity to show that the named copayee on a check, whose signature the defendant admittedly forged, was only a nominal payee. It was our expressed feeling that upon a prima facie showing defendant should be granted leave to withdraw his plea of guilty and stand trial. That permissive remand was seemingly ignored by counsel, who subsequently petitioned for postconviction relief pursuant to Minn. St. c. 590.

Given our former opinion and the posture of the postconviction proceeding presented to the district court, its treatment and determination of the questions presented to it were clearly justified. However, upon further review of the record, including our former decision, we are of the opinion that in the best interests of justice this defendant should be allowed to withdraw his plea of guilty and stand trial for the offense alleged.

We reach this result because there remains a need for a determination of the factual issue of whether defendant did in fact intend to defraud someone, as is required for conviction of the crime of aggravated forgery. Minn. St. 609.625, subd. 3.

Upon the first appeal, we were concerned with this issue. The record of the plea and sentencing, as well as the rather unusual facts of this case, prompted our concern. Although defendant admitted that he understood the nature of the offense and that he had been advised by his attorney of the relation of the law to

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the facts of the case, the only instance on the record in which Mr. Fox touched on that subject in his own words was in response to a question by his attorney—

"Q. Now, Mr. Fox, this morning we have discussed the matter and facts that have, incidents that have gone on leading up to the charge here involved and you have of your own decision have decided not to have a trial, is that not correct?

"A. That is correct *because I did put my name on the check.*" (Italics supplied.)

At the time of the former appeal this court was of the opinion that this answer was not sufficiently inconsistent with the plea of guilty to require that the trial judge should have refused to accept the plea of guilty under our earlier decisions. See, State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723. The answer did, however, alert this court to the possibilities that defendant may not have possessed the requisite intent to defraud and that, even if he had such intent, he was not aware that it must be proved as a part of the state's case against him.

Unfortunately, in our attempt to focus the attention of the lower court on the issue of intent to defraud, we may have limited the scope of the issue to be considered on remand more narrowly than we intended. This happened because the court may have attributed undue weight to the question of the status of the copayee, deeming that a determination of that question would resolve the issue.

We appreciate that a possible misunderstanding of our earlier expressed view of the case may have prompted the new hearing and this appeal, but we are still of the opinion that this defendant should be given the opportunity to stand trial on the offense alleged. We, therefore, again remand this matter to the sentencing court with the direction that, on motion of defendant, the court grant leave to the defendant to withdraw his plea of guilty and proceed to trial or other final disposition. In order to con-

clude this protracted litigation, it is ordered that the motion for leave to withdraw must be made within 30 days of the date of this opinion. If no motion be presented to the district court within said 30 days, the order from which this appeal is taken shall be deemed affirmed.

Reversed and remanded to the sentencing court with orders to proceed in conformance with the foregoing opinion.

Reversed and remanded.