## In re WELFARE OF T. D. F.

### No. 46979.

Supreme Court of Minnesota.

Sept. 23, 1977.

James J. Krieger, Legal Rights Center, Inc., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, and Phebe S. Haugen, Asst. County Attys., and Lee W. Barry, Law Clerk, Minneapolis, for respondent.

Heard before ROGOSHESKE, KELLY and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Appellant appeals from an order of the Hennepin County Juvenile Court referring him for prosecution as an adult. We reverse.

On April 23, 1976, appellant was discovered by police in a house he had allegedly burglarized. The allegation was contained in a petition filed in Hennepin County Juvenile Court on April 30, 1976, and the county attorney that same day moved for reference for adult prosecution on the burglary charge.

On May 18, 1976, probable cause and reference hearings were held in Hennepin County Juvenile Court. Appellant's counsel pleaded unpreparedness and moved the court several times for a continuance. These motions were denied, as was counsel's motion to withdraw from representation. The court found probable cause in the

morning hearing and that afternoon conducted the reference hearing. Appellant presented no evidence at the hearing. The juvenile court found that appellant was not suitable for treatment in the juvenile system and ordered him referred for adult prosecution, Minn. St. 260.125, subd. 2(d). Appellant moved for rehearing and a stay of the reference order. The order was stayed for a day, giving appellant an opportunity to present newly discovered evidence. No evidence was advanced, and the stay was lifted on May 19, 1976.

Appellant contends that the juvenile court abused its discretion in denying his motions for continuance of the reference hearing. The county attorney notified Douglas Hall of the Legal Rights Center, Inc., who was the last attorney of record for appellant in juvenile proceedings, of the scheduled May 18 hearing by letter dated May 7. Hall was at trial in another town on the 18th. The attorneys who appeared for appellant were colleagues of Hall at the Legal Rights Center, Inc.; they learned of the hearing on the afternoon of May 17 from a call by the county attorney. Given the short time available to them to prepare (basically the luncheon recess after the probable cause hearing), they moved that the hearing be continued. The court denied the motion, expressing frustration at the apparent lack of diligence of appellant's attorneys.

■ A court has discretion in ruling on a defendant's request for a continuance. *State v. Vance*, Minn., 254 N.W.2d 353 (1977); *State v. Huber*, 275 Minn. 475, 148 N.W.2d 137 (1967). Moreover, appellant must show that he was prejudiced to justify reversal. *State v. Fay*, 88 Minn. 269, 92 N.W. 978 (1903); *State v. Bell*, 275 Minn. 541, 146 N.W.2d 597 (1966).

■ Respondent argues that appellant has failed to show prejudice from the denial of his motion. In defining constitutionally infirm representation, we have stated that competent representation is premised on sufficient time to prepare a defense. *State v. Waldron*, 273 Minn. 57, 139 N.W.2d 785 (1966). Insufficient preparation has been the ground for finding ineffective assistance of counsel in several cases. *State ex rel. Grattan v. Tahash*, 262 Minn. 18, 113 N.W.2d 342 (1962); *State ex rel. Dehning v. Rigg*, 251 Minn. 120, 86 N.W.2d 723 (1957). Accord, *State ex rel. Nyrud v. Tahash*, 262 Minn. 513, 115 N.W.2d 344 (1962). See generally, *White v. State*, Minn., 248 N.W.2d 281 (1976). When denial of a continuance deprives defendant's counsel of adequate trial preparation, we must reverse the conviction. See, *City of Minneapolis v. Price*, 280 Minn. 429, 159 N.W.2d 776 (1968).

Appellant presented no evidence at the reference hearing. In an offer of proof counsel suggested several witnesses who might have testified to the suitability of the juvenile system for treatment of appellant. When the capability of the juvenile system to treat a juvenile is the ground for a reference order, investigative work by counsel is surely necessary to determine whether an existing program would aid the juvenile. Denial of the motion for a continuance precluded this investigation and adequate preparation for the hearing. The inconvenience of rearranging the court calendar, the rationale advanced by the juvenile court, cannot outweigh appellant's right to counsel despite the fact that the fault may be with the juvenile's own attorney. *City of Minneapolis v. Price*, 280 Minn. 429, 435, 159 N.W.2d 776, 780 (1968). Denial of the motion constituted an abuse of discretion prejudicial to appellant's case and mandates reversal.

We can understand the frustrations of a judge ready to try a case only to be confronted by requests for a continuance to give counsel time to prepare especially where, as in this case, there had been timely notice of the hearing. The appellant, however, should not be made to suffer the consequences of failure of representation. While we do not intimate that in this case any attorney was responsible for appellant's lack of representation so as to be subject to censure or other discipline, we do suggest that a more appropriate method of dealing with suspected delinquencies of attorneys is referring the matter to the Lawyers Profes-

sional Responsibility Board rather than punishing the appellant for his attorney's failings.

■ Appellant also objected to the particularity with which the crime charged was alleged in the petition.[1] We think that the petition was sufficiently precise to meet constitutional standards of notice. *In re Welfare of Hitzemann*, 281 Minn. 275, 161 N.W.2d 542 (1968). The petition failed, however, to specify the particular statute or ordinance appellant allegedly violated. Both the Rules of Criminal Procedure (Rule 17.02, subd. 3) and the Rules of Procedure for Juvenile Court Proceedings in state probate courts[2] (Rule 3–2[1][a]) prescribe citation to the law or ordinance allegedly violated. It would be better practice if the Hennepin County Juvenile Court Rules similarly required citation to the particular provision charged. Prejudice to the defendant may be a condition of dismissal or reversal if the citation was omitted or erroneous. Compare, Rules of Criminal Procedure, Rule 17.02, subd. 3.

Because denial of appellant's motion for a continuance deprived him of adequate representation, the reference order must be reversed.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

1. The petition alleged: "On or about 4/23/76 [appellant] did enter premises, 1427 Fremont Ave. North Minneapolis, Minnesota, without permission of the person in lawful possession therein, towit: Patrick Kane, with intent to commit a crime therein."

2. The Rules of Procedure for Juvenile Court Proceedings do not apply to juvenile court proceedings in Hennepin or Ramsey counties. Rule 1–2(d), Rules of Procedure for Juvenile Court Proceedings; Minn. St. 260.021, subds. 2, 3.