In the Matter of Victor MUNTNER.

No. C8–91–193.

Court of Appeals of Minnesota.

June 4, 1991.

Review Denied Aug. 2, 1991.

William L.H. Lubov, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Kathy Meade Hebert, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by WOZNIAK, C.J., and FOLEY and AMUNDSON, JJ.

## OPINION

FOLEY, Judge.

Appellant Victor Muntner was committed as a mentally ill person. A *Jarvis* hearing was held upon a petition for authorization to involuntarily administer neuroleptic medication to him. Appellant's guardian ad litem did not appear at the hearing. The court issued an order authorizing the medi-

cation based upon the evidence presented. Muntner appeals.

## FACTS

Appellant was committed as a mentally ill person and brought an appeal from that judgment. This court affirmed the commitment in an unpublished opinion. *In re Muntner*, No. C1–90–2731, 1991 WL 59829 (Minn.App. Apr. 23, 1991). The hospital petitioned for authorization to administer neuroleptic medication involuntarily to appellant. The trial court appointed an examiner and a guardian ad litem. A hearing was scheduled, but the treating psychiatrist was unable to attend because his car broke down. The hearing was continued to a later date.

At the rescheduled hearing, appellant's guardian ad litem was not present. Attempts to contact him failed. Respondent Anoka–Metro Regional Treatment Center's counsel indicated no one received written notice of the rescheduled hearing, and staff stated there was no way of knowing whether the guardian ad litem had been notified by telephone. Appellant objected to proceeding without the guardian ad litem. The court overruled the objection and the hearing proceeded.

Dr. Bhupinder Nakai, the treating psychiatrist, testified appellant is suffering from schizophrenia. Appellant refuses to take neuroleptic medication because he does not believe he is mentally ill. He does not have the capacity to determine for himself whether the treatment is necessary. Appellant also suffers from diabetes and hypertension, but refuses to take medication or comply with a low calorie diabetic diet. He believes his blood sugar is high because he was given medication for diabetes, and did not receive a double portion of meals. The neuroleptic medication would control appellant's delusional thinking, improve his judgment, and allow him to provide himself with appropriate and ongoing medical care for his diabetes and high blood pressure.

Dr. Robert Jeub also testified appellant suffers from paranoid schizophrenia, which requires the use of neuroleptics. Appellant is not competent to voluntarily agree to take neuroleptics and Jeub recommended appellant be given neuroleptics.

Appellant testified he did not want to take neuroleptic medication. He also wanted to be released from the facility immediately, before he suffered further abuse. He testified he has had a heart condition over the last few years, which has been undetectable with an EKG or physical exam and which neuroleptics would aggravate. He testified he does not have diabetes.

At the close of the hearing and in its order, the trial court stated that based on the testimony in the record, it found no need to add the testimony of the guardian ad litem. The court concluded appellant is not competent to give or withhold consent for the use of neuroleptic medication, that the treatment was necessary and reasonable, and that the benefits outweighed the risks.

Muntner appealed from the *Jarvis* order. He then petitioned this court for a writ of prohibition, seeking to stay enforcement of the order pending the outcome of the appeal. This court denied the petition.

## ISSUE

Did the trial court abuse its discretion in refusing to continue the hearing so that the guardian ad litem could be present at the hearing?

## ANALYSIS

■ Appellant argues that the attendance of the guardian ad litem at the *Jarvis* hearing was mandatory, and that the trial court's decision to hold the hearing, despite the absence of the guardian ad litem, was an abuse of discretion. He asks this court to vacate the *Jarvis* order.

■ In *Jarvis v. Levine*, 418 N.W.2d 139, 148 (Minn.1988), the supreme court held that certain procedural guidelines set out in *Price v. Sheppard*, 307 Minn. 250, 262, 239 N.W.2d 905, 913 (1976) must be followed before a court may authorize the involuntary administration of neuroleptic medication to an incompetent patient who

refused the medication. These include that the medical director of the hospital must petition for a court order authorizing the prescribed treatment, the court must appoint a guardian ad litem to represent the patient's interests and, in an adversary proceeding, the court must "determine the necessity and reasonableness of the prescribed treatment." *Jarvis*, 418 N.W.2d at 144; *see also* Minn.Stat. § 253B.03, subd. 6a (1990). The party seeking authority to impose treatment with neuroleptic medication must prove by clear and convincing evidence that the treatment is necessary and reasonable. *In re Peterson*, 446 N.W.2d 669, 672 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 1, 1989).

> The Rules of Civil Commitment provide: No guardian ad litem shall be appointed for a respondent unless the interests of justice so require.

Minn.R.Civ.Commitment 13.01. The comments to the rule indicate that where the instructions of a respondent patient to counsel may undermine the adversary process, appointment of a guardian ad litem may be necessary to insure the factual and legal issues are fully explored. Minn.R. Civ.Commitment 13 comment A; *see In re Fredrickson*, 388 N.W.2d 717, 721 (Minn. 1986) (guardian ad litem not necessary in every case of indeterminate commitment).

 Appellant sought a continuance to obtain the presence of the guardian ad litem. The granting of a continuance is within the discretion of the trial court, and its ruling will not be reversed without a showing of clear abuse of discretion. *Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn. 1977). The appellant must show he or she was prejudiced to justify reversal. *In re T.D.F.*, 258 N.W.2d 774, 775 (Minn.1977).

The presence of the guardian ad litem is desirable. However, appellant's court-appointed attorney adequately and effectively represented his interests in this case. We note that the guardian ad litem was served with a copy of respondent's brief, but made no appearance on appeal. The experts both testified that the medication was reasonable and necessary, and appellant's treatment team recommended the medication.

The trial court made a number of findings of fact that are supported by the record. It concluded appellant was not competent to give or withhold consent for the use of neuroleptics, that treatment with neuroleptics is necessary and reasonable, and that the benefits outweigh the risks. Appellant did not make an offer of proof that he was prejudiced by the failure of the guardian ad litem to attend and there was clear and convincing evidence to support the trial court's authorization of the use of neuroleptics. The trial court did not abuse its discretion.

## DECISION

The order of the trial court authorizing the involuntary use of neuroleptic medication is affirmed.

Affirmed.