**In the Matter of Todd HELLERUD.**

No. C2–92–2208.

Court of Appeals of Minnesota.

March 9, 1993.

Peter E. Karlsson, Moorhead, for appellant Todd Hellerud.

Robert J. Schaefer, Clay County Atty., Eric O. Boe, Asst. County Atty., Moorhead, for respondent.

Considered and decided by HUSPENI, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant was committed as mentally ill. He appeals, contending the commitment court should have granted his request for appointment of a second examiner. We agree and remand.

## FACTS

On September 29, 1992, a petition was filed to commit appellant as mentally ill. On October 2, the commitment court appointed an examiner to determine the need for hospitalization. Meanwhile, on October 6, a Jarvis petition was filed seeking authorization to involuntarily administer neuroleptic medication to appellant. On October 8, the court appointed Dr. Robert Wasson as the Jarvis examiner. Also on October 8, the court issued an order extending the time for the commitment hearing, due to the unavailability of the examiner. Both the Jarvis and commitment hearings were set for October 22.

On October 21, Dr. Wasson filed with the court an October 15 report on appellant's need for neuroleptic medication. Also on October 21, appellant filed a motion for appointment of an independent second examiner pursuant to Minn.Stat. § 253B.07, subd. 3 (1992), and for continuance of the Jarvis and commitment hearings scheduled for October 22, to provide sufficient time to accomplish the independent exam.

The hearings were held as scheduled on October 22. Appellant's attorney first argued his motion. He explained that at the time he drafted it, he had just received a copy of Dr. Wasson's Jarvis report from the court. The examiner's report for commitment purposes was never filed. Appel-lant argued that, assuming the Jarvis report would also be construed as the examiner's report for commitment purposes, appellant's motion for appointment of a second examiner was timely because he was entitled to review the first examiner's report before being required to request a second examiner. Counsel for respondent did not object to the request, but contended it was untimely.

Dr. Wasson testified that based on his lengthy interview with appellant and review of extensive medical records, he was qualified to render an opinion as to whether appellant should be the subject of commitment. Dr. Wasson's report and testimony were used for both the commitment and the Jarvis hearings.

The commitment court denied appellant's request for a second examiner. It determined that he waived a second examiner because he failed to request one earlier; it also cited judicial efficiency. The commitment court also denied appellant's request for a continuance.

After the hearing, the court committed appellant as mentally ill, and authorized involuntary administration of neuroleptic medication.

## ISSUE

Did the commitment court improperly deny appellant's request for a second examiner?

## ANALYSIS

■ After a petition is filed for the commitment of the proposed patient as mentally ill, the court must appoint an examiner. Minn.Stat. § 253B.07, subd. 3 (1992). The patient has the right to an independent second examination. *Id.*

Each of the court-appointed examiners must file a separate report addressing whether or not the patient is mentally ill, whether commitment is necessary, recommendations as to treatment, and facts supporting these opinions. Minn.R.Civ. Com-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

mitment 8.02. These requirements are designed to provide the court with independent opinions about the patient, and to insure that the court is as fully informed as possible so that it can make an appropriate disposition. Minn.R.Civ. Commitment 8.03 cmts. A, C. Unless otherwise agreed by counsel for the proposed patient, the court-appointed examiner shall file three copies of the report with the court not less than 48 hours prior to the hearing, and copies of the examiner's report shall be sent to the proposed patient and the patient's counsel. Minn.Stat. § 253B.07, subd. 5 (1992).

On October 21, 1992, appellant's counsel filed a motion for appointment of a second examiner and for a continuance, anticipating that the court would accept the Jarvis report as the first examiner's report for purposes of the commitment hearing. This was the same day Dr. Wasson's report was filed with the court, and was the day before the commitment and Jarvis hearings were scheduled.

The court denied appellant's motion for appointment of a second examiner. Respondent alleges that the commitment court's action was proper and that appellant's motion should have been made five days prior to the hearing. *See* Minn. R.Civ.P. 6.04. Failure to comply with the time period for filing a motion is not jurisdictional, although it may be enforced if prejudice to the nonmoving party is shown. *Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 596 n. 1 (Minn.1977). Had a continuance been granted to permit examination and report by a second examiner, the prejudice, if any, would have been to appellant, whose hearing would have been delayed. The commitment hearing must be held within 14 days of the filing of the petition, although it may be extended an additional 30 days for good cause shown. Minn.Stat. § 253B.08, subd. 1 (1992).

To determine whether appellant's request for appointment of a second examiner was untimely, we must examine the relevant commitment law. *See* Minn.R.Civ. Commitment, Introductory Statement (commitment rules are controlling in event of conflict with other rules). The comment to the commitment rules indicates a preference for allowing the patient's counsel time to review the first examiner's report before requesting appointment of a second examiner. Minn.R.Civ. Commitment 7.03 cmt. C. If the patient was required to request appointment of a second examiner before the first examiner's report was received, unnecessary expense to the county might arise. *See* Minn.Stat. § 253B.07, subd. 3 (county pays compensation for second examiner). If, in fact, the report of the first examiner is acceptable to the patient, a request for appointment of a second examiner very likely will not be made. Thus, policy reasons support the conclusion that the request need not be made until the first examiner's report is received, although it should be made promptly at that time.

The problem in this case arose in part because no examiner's report for the commitment hearing was filed. The Jarvis report, which was ultimately accepted by the court for use as the commitment report, was filed the day before the hearing, rather than 48 hours before the hearing as required. *See* Minn.Stat. § 253B.07, subd. 5. Under these circumstances, the commitment court erred in failing to appoint a second examiner, and prejudice arose from this failure. It follows that the court's denial of appellant's motion for a continuance was an abuse of discretion. *See In re Welfare of T.D.F.*, 258 N.W.2d 774, 775 (Minn.1977).

### DECISION

The commitment court erred in determining that appellant's request for appointment of a second examiner, made promptly upon receipt of the report of the first examiner, was untimely. The commitment court's denial of appellant's motion for a continuance was an abuse of discretion. This matter is remanded to enable the commitment court to appoint a second examiner and to conduct any additional proceedings deemed appropriate.

Remanded.